EUGENIO VARAGNOLO, Respondent, *v.* PARTOLA MANU-
FACTURING COMPANY, Appellant.

*Contract — sale — action to recover for failure to deliver goods sold —
defense of extension of time and prevention of shipment by govern-
ment.*

*Varagnolo* v. *Partola Manfg. Co.*, 209 App. Div. 347, affirmed.

(Argued December 16, 1924; decided January 27, 1925.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
May 16, 1924, reversing a judgment in favor of defendant
entered upon a dismissal of the complaint by the court
at a Trial Term and granting a new trial. The action
was to recover damages for failure to deliver goods sold
by defendant to plaintiff. The complaint alleged that,
on or about May 28, 1917, defendant sold and agreed
to deliver to plaintiff 1,000 tons of American caustic
soda to be shipped by defendant to plaintiff at Genoa,
Italy, during the month of June, 1917, for the price of
twenty-six dollars and fifty cents per 100 kilos, the cost
of freight and insurance, including war risk insurance,
to be paid by defendant; payment for the soda to be
made by plaintiff against shipping documents through
a credit to be opened with the Guaranty Trust Company
of New York. Thereafter and in accordance with the
terms of the contract plaintiff duly caused a credit to be
opened with the Guaranty Trust Company of New
York in an amount sufficient to pay for the merchandise
and duly maintained the credit; that during the month
of June, 1917, defendant wholly failed to ship any part
of said caustic soda; that at defendant's request, plain-
tiff caused the credit with the Guaranty Trust Com-
pany to be extended beyond the month of June, but
notified defendant that he reserved all rights against
defendant for its failure to make shipment during June;
that up to the date of the commencement of this action
defendant had shipped no caustic soda under said contract
excepting 175 tons which it shipped in August, 1917,
and which plaintiff accepted and paid for. The answer

besides a general denial alleged as a partial defense that the contract by mutual consent was " extended to and including the month of October, 1917, and beyond that time," and that during said time the exportation of caustic soda from the United States was prohibited, except upon licenses to be issued as prescribed; that applications for licenses for exportation of the balance of 825 tons of caustic soda to plaintiff were duly and seasonably made on behalf of defendant and denied by the United States authorities and that defendant was thereby without its fault prevented from making shipment.

*Robert L. Luce, Lloyd Church, Albert A. Hovell* and *Sidney A. Clarkson* for appellant.

*Robert McLeod Jackson* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ. Not voting: HISCOCK, Ch. J. Absent: MCLAUGHLIN, J.

---

JOSEPH L. VIESER, Appellant, *v.* DAVID S. BELLOWS, Respondent.

*Appeal — appeal to Appellate Division from determination of Appellate Term reversing judgment and granting new trial — stipulation for judgment absolute — on affirmance by Appellate Division appellant precluded from applying for leave to appeal to Court of Appeals.*

*Vieser* v. *Bellows*, 209 App. Div. 540, appeal dismissed.

(Submitted January 19, 1925; decided January 27, 1925.)

MOTION to dismiss an appeal, by permission, from a judgment, entered June 23, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which affirmed a determination of the Appellate Term reversing a judgment of the City Court of New York in favor of plaintiff entered upon a verdict directed by the court and granting a new trial.

The motion was made upon the ground that upon appealing to the Appellate Division from the deter-