■    FAIRCHILD CAMERA AND INSTRUMENT CORPORATION, Respondent-Appellant, v. AMADEO H. BARLETTA et al., Appellants-Respondents, et al., Defendant.— Judgment rendered for plaintiff following nonjury trial unanimously reversed, on the law and the facts, with costs and disbursements to abide the event, and new trial directed in the interests of justice. Under the agreements of the parties, the testing of the television station relay equipment, including a satisfactory performance thereof on such testing in accordance with the agreed specifications, was

a condition precedent to liability for the alleged balance owing to Du Mont. The pleadings, if not adequate in their statements, must be considered amended to present the issues relating to such condition precedent and the performance thereof. We disapprove, as not supported by the evidence, the finding of the trial court that Telemundo materially misrepresented the conditions in Cuba as to the degree of risk Du Mont would encounter if it had conducted the testing of the equipment and the finding that Du Mont relied upon such material misrepresentations as were made by Telemundo. Furthermore, we disapprove of the finding that " plaintiff has established by the weight of the credible evidence that Telemundo impeded Du Mont's performance of the tests," and the conclusion of the trial court, " consequently, that the condition of testing was deemed to have been fulfilled ". It should also be noted that some of us, although not a majority, on the basis of the present record, would find that Du Mont by its delay in conducting the testing, particularly after January 1, 1959, waived and abandoned its right to conduct the testing which was a condition precedent and thus forfeited its right to a recovery of the balance owing for the equipment and under the letter agreement of March 26, 1957. (Cf. *Varagnolo* v. *Partola Mfg. Co.*, 209 App. Div. 347, affd. 239 N. Y. 621.) A new trial will furnish the opportunity for a further development of evidence on the issues arising in connection with the alleged impediment by Telemundo of the testing and in connection with the question of whether Du Mont had waived and abandoned its right to conduct the testing and consequently its right to recover the balance due. Furthermore, there may be litigated on the retrial the questions with relation to the rights of the parties in view of the taking over and the confiscation by the Cuban government in February and March, 1960, of the television station and equipment. If the obligation and the right of Du Mont to perform the testing continued until such time, there arises the question whether or not, under the special provisions of the agreement or under general law, the governmental acts had the effect of excusing performance by Du Mont of the condition precedent. (See 10 N.Y. Jur., Contracts, §§ 356–378; 5 Williston, Contracts [3d ed.], § 808; cf. *Sokoloff* v. *National City Bank*, 250 N. Y. 69, 80.) In connection with a determination of the rights of the parties, if Du Mont was so excused, we note that it does not satisfactorily appear from the record whether or not the equipment did meet the agreed specifications. Under the circumstances here, and bearing in mind the provisions of the agreement between the parties, it is clear, as concluded by the trial court, that the Cuban law should be applied and controls in determining the rights of the parties. (See *Auten* v. *Auten*, 308 N. Y. 155; *Employers' Liab. Assur. Corp.* v. *Aresty*, 11 A D 2d 331, affd. 11 N Y 2d 696.) Consequently, upon a new trial, the parties should present such evidence as to the Cuban law as will be adequate to sustain findings necessary to support the judgment which is rendered. Incidentally, we believe it would be helpful if there were a further development of Cuban law with reference to any applicable statute of limitations. Finally, we note that, under the present state of the pleadings, the trial court properly denied a recovery by plaintiff of the costs of collection, including counsel fees. If the provisions of the agreement authorize a recovery of the same as against the defendants, the right of recovery constitutes a cause of action or an item of damage which should have been pleaded by plaintiff. (See *Roe* v. *Smyth*, 278 N. Y. 364; C. J. S., Bills and Notes, vol. 10, § 574; vol. 11, § 726.) Concur — Botein, P. J., Eager, Capozzoli and Rabin, JJ.