BANK OF NEW YORK, ALBANY (Formerly Known as the MECHANICS AND FARMERS' BANK OF ALBANY), Respondent, *v.* ABRAHAM HIRSCHFELD et al., Defendants, and NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant.

Third Department, July 25, 1974.

*Trombly & Trombly (Francis H. Trombly* of counsel), for appellant.

*McNamee, Lochner, Titus & Williams, P. C. (Victor A. Lord* of counsel), for respondent.

SWEENEY, J. Two issues are raised on this appeal: (1) whether appellant, as present owner of demised premises, is bound by a covenant in a lease between the previous owner and plaintiff to provide plaintiff with 10 free parking spaces in a garage adjoining the demised premises, which garage is owned solely by the previous owner, and (2) if appellant is bound by the covenant, whether it may be compelled to specifically perform the covenant and provide plaintiff the stipulated 10 free parking spaces.

On May 18, 1971, plaintiff, the Bank of New York, Albany (formerly known as the Mechanics and Farmers' Bank of Albany and hereinafter referred to as " the Bank ") entered

into a leasehold agreement (hereinafter referred to as "Bank Lease") with the defendant, Abraham Hirschfeld, by and through the defendant, 112 State Street Operating Co., Inc. (hereinafter referred to as "112"). The Bank Lease involved a portion of the premises known as 112 State Street, Albany, New York, then owned by Hirschfeld and was for an initial term of 20 years, with an option for renewal covering an additional term of 40 years. Covenant 42 of the Bank Lease bound Hirschfeld as follows: "Landlord will provide ten (10) free parking spaces in the adjoining garage building to be erected at 104-110 State Street free of charge to Tenant during the term of lease, or of any renewal periods. The Landlord promises and agrees at its own cost to construct a garage of more than five hundred (500) cars next door to the building in which the demised premises is located in accordance with plans and specifications submitted to Tenant herewith. Landlord promises and agrees that said garage will be ready and available for use and occupancy prior to July 1, 1972 or any prior date on which Temant may become liable for the payment of rent hereunder. Landlord promises and agrees that there shall be a passageway and entry by door from said neighboring garage to the main floor lobby of the first floor of the building in which the demised premises is located. A supplemental lease between Abraham Hirschfeld and the Tenant is being entered into today providing ten (10) free spaces to Tenant as part of the consideration of this lease. Said spaces are to be available through the term of this lease and any and all renewal periods."

Simultaneously with the execution of the Bank Lease, the Bank entered into a supplemental lease referred to in the above-quoted covenant 42 with defendant 112, acting as agent for Hirschfeld. This lease (hereinafter referred to as "Garage Lease") provided for 10 parking spaces in Hirschfeld's property at 104-110 State Street, Albany, New York, to be furnished to the Bank free of charge for the same periods of time as set forth in said Bank Lease. The Garage Lease stipulated that the "consideration for this Lease is embodied in the Lease [Bank Lease] between the Landlord and Tenant, which are two separate entities, executed this day for the rental of space in * * * 112 State Street, Albany, New York". It also effectively incorporated all of the terms and conditions of the Bank Lease, so that it is apparent that the Garage Lease was intended to conform to the Bank Lease.

Memorandums of both the Bank Lease and the Garage Lease were subsequently recorded in the Albany County Clerk's office.

On January 6, 1972, Hirschfeld conveyed 112 State Street, subject to the Bank Lease, to the defendant 112. On January 19, 1973, in lieu of foreclosure, 112 conveyed the premises to the appellant, New York State Teachers' Retirement System. The Garage Lease premises were and are presently owned solely by Hirschfeld. Following the conveyance to appellant of the Bank Lease premises, Hirschfeld, as of February 1, 1973, refused to provide the 10 parking spaces free of charge.

The present action for specific performance of both the Garage and Bank Leases was then commenced against Hirschfeld, 112 and appellant.

Special Term ordered Hirschfeld and 112 to specifically perform under the terms of the Garage Lease and appellant to perform pursuant to the Bank Lease. This appeal by appellant ensued. Neither Hirschfeld nor 112 is a party to this appeal.

Basically, appellant urges two grounds for reversal. It contends that it is not bound by covenant 42 of the Bank Lease and, secondly, since it does not own 104-110 State Street, it is unable to provide the 10 parking spaces and, therefore, cannot legally be compelled to specifically perform. We do not agree with either of these contentions.

Both leases manifest an intent by the contracting parties that the bank be furnished with 10 free parking spaces in the adjoining garage building for the term of the lease and any renewal period. Appellant is liable under the Bank Lease if covenant 42 runs with the land. In our view, an examination of this lease in its entirety demonstrates a clear intent by the parties that covenant 42 run with the land. Covenant 42 specifically provides that the landlord, at its own cost, will construct a garage, and further provides that the landlord agrees there shall be a passageway and entry by door from this neighboring garage to the main floor lobby of the bank. Most significant is the language which follows providing for a supplemetal lease to be entered into between Hirschfeld and the bank for 10 free parking spaces, which supplemental lease is made a part of the consideration of the Bank Lease. Such expressions by the parties establish, in our opinion, a clear intent and desire that covenant 42 run with the land, enforceable against subsequent holders. Also present are the other requisites necessary to hold that the covenant runs with the land. (See *Nicholson* v. *300 Broadway Realty Corp.,* 7 N Y 2d 240; *Tarantelli* v. *Tripp Lake Estates,* 23 A D 2d 905.) This being so, appellant is bound by covenant 42 of the Bank Lease to provide the bank with the 10 free parking spaces. This obligation was not altered by the

simultaneously executed Garage Lease. These leases were separate and distinct, creating separate liabilities for different parties. Appellant's obligation was created by the Bank Lease and Hirschfeld's, by the Garage Lease. An examination of these leases and the surrounding circumstances evidence no intent by the parties that the Bank Lease be superseded by the Garage Lease, nor that the latter release the landlord under the Bank Lease from the obligation of furnishing the free garage space.

As to the other issue, appellant relies on *Saperstein* v. *Mechanics & Farmers Sav. Bank of Albany* (228 N. Y. 257) as authority for its contention that since appellant does not own 104-110 State Street, it is unable to furnish the 10 spaces and, consequently, specific performance will not lie. The instant case is readily distinguishable from *Saperstein.* In the case at bar, unlike *Saperstein,* both appellant and Hirschfeld are parties to the action and the obligation under covenant 42 of the Bank Lease can be performed. (*Northern Operating Corp.* v. *Anopol,* 25 A D 2d 551; cf. *Maurer* v. *Albany Sand & Supply Co.,* 40 A D 2d 883.) Furthermore, it is of no consequence that appellant does not own the garage premises. Under the circumstances, it is not impossible for appellant to provide the necessary 10 spaces. As for the relative liabilities of the several defendants in the action, that question is not before us on this appeal.

We have examined the other issues raised by appellant and find them unpersuasive.

The judgment should be affirmed, with costs.

HERLIHY, P. J. (dissenting). The relevant factual elements, including paragraph or covenant 42 of the Bank Lease are set forth in full in the majority opinion. While we can agree with the majority conclusion that the Garage Lease did not supersede the Bank Lease, nevertheless, we disagree with their conclusion that, after the execution of the Garage Lease, the landlord, pursuant to the Bank Lease and paragraph 42 thereof, was under any further obligation of performance in regard to furnishing 10 free parking spaces.

The original lease for the premises at 112 State Street contained paragraph 42 which was a promise by the then landlord (Hirschfeld) to build a garage at 104-110 State Street and to provide the bank with 10 free parking spaces, to be augmented by a supplemental lease of even date, which was completed. It seems obvious that paragraph 42 did not run with the land as to 104-110 State Street and was nothing more than a per-

sonal promise by the landlord to construct a garage building. If the landlord had failed to construct such building, the tenant bank would have, at most, an action for the abatement of the rent under the terms of the lease as to 112 State Street or for breaches of contractual obligations.

The terms and conditions of the supplemetal lease entered into between the landlord and the bank constituted a covenant running with the land as to 104-110 State Street and was enforceable against that landlord. In fact, the tenant bank had two remedies: specific performance, the basis of the present action, or an action for abatement of the rent or for breach of contractual obligation.

When the appellant took title to 112 State Street, it assumed all of the obligations under the Bank Lease. However, there was no direct obligation by the appellant to provide parking spaces under paragraph 42 of the lease as the garage had been built and 10 free parking spaces had been provided to the bank under the terms of the supplemental lease. In an action for specific performance the owner of the garage at 104-110 State Street should be and is the party to perform under the terms of the Garage Lease. It seems apparent that the reason for the supplemental lease so far as the bank is concerned was to have an agreement which would run with the land on which the garage was constructed so as to bind the then owner of such land (Hirschfeld) and subsequent holders of title thereto.

Upon the leases and other documentary evidence in the present case, there is no basis for finding that, on and after the execution of the Garage Lease on May 18, 1971, in accordance with the provisions of covenant 42 of the Bank Lease, the landlord under the Bank Lease (then Hirschfeld, now appellant) had any further equitable obligation pursuant to said covenant 42 to provide any parking spaces.

The order and judgment appealed from should be modified by denying so much thereof as granted summary judgment against the New York State Teachers' Retirement System and directed specific performance by it.

STALEY, JR., and MAIN, JJ., concur with SWEENEY, J.; HERLIHY, P. J., and REYNOLDS, J., dissent and vote to modify in an opinion by HERLIHY, P. J.

Judgment affirmed, with costs.