BANK OF NEW YORK ALBANY (Formerly Known as the MECHANICS AND FARMERS' BANK OF ALBANY), Plaintiff, *v.* ABRAHAM HIRSCHFELD et al., Respondents, and NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant.

Third Department, November 14, 1974.

*Trombly & Trombly* (*Francis H. Trombly* of counsel), for appellant.

*Lee, LeForestier, Frost & Hanft* (*Jerome K. Frost* of counsel), respondents.

STALEY, JR., J. The facts herein are undisputed, and are set forth at length in *Bank of New York, Albany v. Hirschfeld* (45 A D 2d 391). On that appeal this court affirmed an order of Special Term which ordered Hirschfeld and 112 State Street Operating Co. to specifically perform under the terms of the garage lease, and defendant, New York State Teachers' Retirement System [hereinafter Teachers], to perform under the terms of the bank lease. The relative liabilities of Hirschfeld,

112 State Street Operating Co. and New York State Teachers' Retirement System were not determined, that question not being before the court.

Teachers now appeals from an order of Special Term denying its motion to dismiss the cross claim of defendants, Hirschfeld and 112 State Street Operating Co., and which granted a cross motion by said defendants for summary judgment on their cross claim, and from the judgment entered thereon. This order and judgment determines that Teachers, the present landlord, has the duty to perform the obligation under the bank lease to provide to the plaintiff Bank of New York, Albany, 10 free parking spaces in the garage building located at 104-110 State Street during the term of the lease and any renewal period, so that the defendants, Hirschfeld and 112 State Street Operating Co., will not be called upon to perform this obligation, and directs defendant to specifically perform this obligation.

Teachers contends that the garage lease is a valid, binding and legally enforceable contract against any owner of 104-110 State Street; that it is separate and distinct from the bank lease; and that the judgment in effect imposes a primary duty upon Teachers under the garage lease.

Teachers '' is bound by covenant 42 of the Bank Lease to provide the bank with the 10 free parking spaces. This obligation was not altered by the simultaneously executed Garage Lease.'' (*Bank of New York, Albany* v. *Hirschfeld, supra,* pp. 394-395.) The obvious purpose of the garage lease was to bind the adjoining lands during the term of the bank lease and any renewal periods thereof, thereby insuring the availability of the parking spaces. The garage lease is stated to be supplemental to the bank lease, and the consideration is stated to be '' embodied '' or included in the bank lease. This language leaves no doubt that an amount was included in the rent reserved in the bank lease to cover the cost of furnishing the parking spaces which rent is now being collected by Teachers. If there were no enforceable supplemental lease, and parking spaces became unavailable, there is no doubt that the plaintiff bank would be entitled to an abatement of the rent. Teachers, having acquired the property at 112 State Street which was then burdened by the lease containing the parking space provision, became primarily liable to provide the parking spaces. (See Real Property Law, § 223.) This transaction created a principal-surety relationship between the transferee and the transferor. (See 57 N. Y. Jur., Suretyship and Guaranty, § 25.) Teachers, as the principal obligor, has the

duty to perform the obligation to provide the 10 parking spaces so that the respondents will not be called upon to perform this obligation. The supplemental lease does not alter the situation. That lease merely guarantees the availability of the parking spaces. Since this court has held that covenant 42 runs with the land, the present owner of the fee is primarily liable on the covenant in the lease. (2 American Law of Property, § 9.5 [A. J. Casner, ed. 1952].)

The order and judgment should be affirmed, with costs.

HERLIHY, P. J. (dissenting). I adhere to my dissent in *Bank of New York, Albany* v. *Hirschfeld* (45 A D 2d 391, 395). I would further observe that, in the context of this appeal, it is to be noted that the defendant Hirschfeld apparently conveyed the premises for a good and valuable consideration and for reasons best known to himself did not directly require the New Yok State Teachers' Retirement System to undertake any obligation to him in regard to the furnishing of parking spaces as required by Hirschfeld's independent lease with the bank relating to 104–110 State Street.

The order and judgment appealed from should be reversed and the cross claim of Hirschfeld dismissed.

SWEENEY, KANE and MAIN, JJ., concur with STALEY, JR., J.; HERLIHY, P. J., dissents and votes to reverse in an opinion.

Order and judgment affirmed, with costs.