Jasen, J.
On May 18, 1971, plaintiff Bank of New York, Albany, entered into a lease with defendant Abraham Hirschfeld through his agent, defendant 112 State Street Operating Co., Inc. The lease involves a portion of an office building located on premises known as 112 State Street, Albany, then owned by Hirschfeld. Covenant 42* of the lease requires the landlord to provide the bank, free of charge, 10 parking spaces in a garage scheduled for construction on adjoining premises. Simultaneously with the execution of this bank lease, a supplemental garage lease for these 10 parking spaces was entered into. Memoranda of both the bank lease and the garage lease were subsequently recorded. On January 2, 1972, Hirschfeld conveyed the 112 State Street premises, subject to the bank lease, to his agent 112 State Street Operating Co., Inc., which on January 19, 1973, in lieu of foreclosure, conveyed the premises, subject to the bank lease, to appellant Teachers’ Retirement System. Thereafter, Hirschfeld, who still owned *505 the garage building, refused to provide the 10 parking spaces to the bank free of charge.
The bank initiated this suit against Hirschfeld, the Operating Company and the Teachers’ Retirement System to enforce the parking arrangement. In the same action, Hirschfeld and his Operating Company cross-claimed against Teachers’ Retirement System, seeking a determination that Teachers’ Retirement System is the primary obligor with respect to providing the parking spaces to the bank.
Special Term ordered Hirschfeld and his agent, the Operating Company, to specifically perform under the terms of the garage lease and the Teachers’ Retirement System to perform pursuant to the bank lease. Special Term also granted Hirschfeld and his agent summary judgment on their cross claim against Teachers’ Retirement System. By divided courts, the Appellate Division affirmed both judgments. Teachers’ Retirement System appeals to our court.
While we agree with the Appellate Division that the bank has recourse against Teachers’ Retirement System, under the bank lease, as well as against Hirschfeld and his Operating Company, under the garage lease, we do not agree that the remedy of specific performance imposed against Teachers’ Retirement System was proper. We also agree with the Appellate Division that as between Teachers’ Retirement System and Hirschfeld, the former has the primary duty to provide the tenant with the parking spaces.
Although we would affirm both orders in all other respects, we do so on grounds different from those articulated below. We hold that the basis of Teachers’ Retirement System’s liability is that, by taking title to the 112 State Street premises, even though stated to be only "subject to” the existing bank lease, it assumed all of the obligations of the landlord under the lease, including the requirement to furnish the bank with 10 free parking spaces, as provided for in Covenant 42.
This covenant places various obligations upon the landlord at 112 State Street. Some of these obligations, such as building a parking ramp on the adjoining property with connecting passageway, have been fulfilled. However, a continuing responsibility exists to provide the bank with 10 free parking *506 spaces "during the term of lease, or of any renewal periods.” This continuing obligation is binding upon successor landlords who take title with notice, actual or constructive, of this obligation. Covenant 33 of the lease provides, in part, that "in the event of any sale * * * of said land and building * * * it shall be deemed and construed without further agreement between the parties or their successors in interest * * * that the purchaser * * * of the building has assumed and agreed to carry out any and all covenants and obligations of the Landlord hereunder.” A memorandum of this lease was duly recorded, giving any subsequent purchaser notice of each of the covenants of the lease. (Real Property Law, § 291-c.) Thus, Teachers’ Retirement System is charged with notice of said covenants and the obligations thereunder. It is true that, in the absence of an affirmative assumption, a grantee is not liable on any covenants or agreements by which the grantor may have bound himself, unless, of course, the covenant runs with the land. (See Spivak v Madison — 54th Realty Co., 60 Misc 2d 483, 487; 51C CJS, Landlord and Tenant, § 44 [3], pp 126-127.) Here, however, Teachers’ Retirement System, by taking title to the premises "subject to” the existing bank lease, without taking exception to the terms of Covenants 33 and 42, affirmatively assumed the contractual liability of the original landlord to carry out the covenants and terms of the lease. (See Hart v Socony-Vacuum Oil Co., 291 NY 13, 17.)
In assuming the obligation to carry out the covenants of the bank lease, Teachers’ Retirement System not only obligated itself to furnish the bank 10 free parking spaces, but, pursuant to Covenant 33, it also "entirely freed and relieved [Hirschfeld] of all covenants and obligations” under the lease. Nevertheless, since Teachers’ Retirement System has neither title to nor any contract rights with respect to the garage property, it may be beyond its power to provide 10 parking spaces in this garage. In that situation the order directing specific performance by Teachers’ Retirement System would become a "vain judgment”. This much of the order was therefore inappropriate. (Cf. Saperstein v Mechanics & Farmers Sav. Bank, 228 NY 257, 260; 55 NY Jur, Specific Performance, § 37, p 510; 5 Carmody-Wait 2d, NY Practice, § 29:978, p 525.) In imposing ultimate liability upon Teachers’ Retirement System under the bank lease, both the bank and Hirschfeld must be relegated to their remedy in money damages, either by abatement or apportionment of rent under the bank lease, or reimbursement for the normal and reasonable rental value *507 of the parking spaces, or otherwise. Should these remedies become appropriate, the parties may, if they be so advised, apply to Special Term for relief at the foot of the judgment.
Accordingly, the orders appealed from should be modified to the extent of deleting the direction of specific performance by Teachers’ Retirement System, and, as modified, affirmed.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Cooke concur; Judge Fuchsberg taking no part.
In each case: Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.

 Covenant 42 of the lease provides in relevant part: "Landlord will provide ten (10) free parking spaces in the adjoining garage building to be erected at 104-110 State Street free of charge to Tenant during the term of lease, or of any renewal periods. * * * A supplemental lease between Abraham Hirschfeld and the Tenant is being entered into today providing ten (10) free spaces to Tenant as part of the consideration of this lease. Said spaces are to be available throughout the term of this lease and any and all renewal periods.”