■ BANK OF NEW YORK, ALBANY, Formerly Known as MECHANICS AND FARMERS' BANK OF ALBANY, Plaintiff, v ABRAHAM HIRSCHFELD et al., Respondents, and NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered May 7, 1976 in Albany County, which granted respondents' motion for attorneys' fees incidental to the underlying action. The underlying action was one for specific performance to enforce a covenant in a lease and was previously reviewed by this court. The pertinent facts and dispositions of that action are amply set forth in the appellate court's decisions and we need not elaborate here (Bank of New York, Albany v Hirschfeld, 45 AD2d 670, mod 37 NY2d 501; Bank of New York, Albany v Hirschfeld, 45 AD2d 391, mod 37 NY2d 501). On remittitur respondents moved for an order awarding them attorneys' fees for the legal services rendered on their behalf at all stages of this litigation. Special Term agreed in an amount to be determined at trial. This appeal ensued. Respondents contend that there existed between them and appellant a relationship of principal and surety and as a result thereof they are entitled to all reasonable expenses, including attorneys' fees. Appellant, in urging reversal, contends that no such relationship existed. It is also argued by appellant that even if a surety relationship exists there is still no right to recover attorneys' fees absent a contract or statute. This court has previously determined that the foreclosure "transaction created a principal-surety relationship between the transferee and the transferor" (Bank of New York, Albany v Hirschfeld, 45 AD2d 670, 671, mod 37 NY2d 501). We read nothing to the contrary in the Court of Appeals decision (Bank of New York, Albany v Hirschfeld, supra). It is well established that a surety is equitably entitled to full indemnity against the consequences of a principal obligor's default (Thompson v Taylor, 72 NY 32; Leghorn v Ross, 53 AD2d 560). Respondents, therefore, in our view, are entitled to reimbursement for the legal fees expended in defending the action brought by plaintiff. Respondents, however, were also held to be entitled to the attorneys' fees expended in securing reimbursement from appellant. This, in our opinion, was improper (cf. Grimsey v Lawyers Tit. Ins. Corp., 31 NY2d 953; Doyle v Allstate Ins. Co., 1 NY2d 439). Finally, we reject appellant's contention that respondents waived their right to recover attorneys' fees by not seeking them in their pleadings, since respondents, in their cross claim, requested "costs, disbursements, and the costs of defending this action". In any event, we believe that Special Term was empowered to entertain such a motion at the time which it did pursuant to CPLR 8301 (subd [a], par 12). (See 8 Weinstein-Korn-Miller, NY Civ Prac, par 8301.24.) Order modified, on the law and the facts, by reversing so much thereof as allowed respondents' attorneys' fees expended in securing reimbursement from appellant, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Mahoney, Larkin and Mikoll, JJ., concur.