■ BANK OF NEW YORK, ALBANY, Formerly Known as MECHANICS AND FARMERS' BANK OF ALBANY, Plaintiff, v ABRAHAM HIRSCHFELD et al., Defendants and Third-Party Plaintiffs-Appellants. NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Third-Party Defendant-Respondent.—Appeal from an order of the Supreme Court at Special Term, entered September 15, 1976 in Albany County, which denied defendant's motion for summary judgment against the third-party defendant and granted the third-party defendant's motion for summary judgment and dismissed the third-party complaint. The underlying action is to recover the cost of renovation and modernization of premises leased by plaintiff from defendants. Before plaintiff commenced the tenancy it required substantial renovation to the premises and defendant Hirschfeld, as owner, agreed in the lease to either perform the work or reimburse plaintiff for it. The lease was entered into on May 18, 1971 and the premises conveyed to defendant 112 State Street, a corporation owned by defendant Hirschfeld, on January 6, 1972. Plaintiff elected to do the renovation and modernization itself and started the work on April 1, 1972 and completed it in September, 1972. Thereafter, on January 19, 1973, in lieu of a foreclosure and sale, the property was conveyed to the third-party defendant, New York State Teachers' Retirement System. Plaintiff, having received no reimbursement for the renovation, commenced this action on December 7, 1972 and defendants thereafter brought the third-party action. Special Term denied defendants' motion for summary judgment and granted the third-party defendant's motion for summary judgment. This appeal ensued. On this appeal defendants maintain that pursuant to article 33 of the lease, they are released from liability which is, by that article, transferred to the new owner, third-party defendant. Article 33 provides that "in the event of any sale or sales of said land and building * * * the said

Landlord shall be and hereby is entirely freed and relieved of all covenants and obligations of Landlord hereunder, and it shall be deemed and construed without further agreements between the parties * * * that the purchaser or the lessee of the building has assumed and agreed to carry out any and all covenants and obligations of the Landlord hereunder." This clause has been the subject of previous litigation between the parties (see *Bank of N. Y., Albany v Hirschfeld*, 37 NY2d 501; *Bank of New York, Albany v Hirschfeld*, 59 AD2d 976, app dsmd, 44 NY2d 732; *Bank of New York, Albany v Hirschfeld*, 45 AD2d 391, 670). Defendants rely heavily on the interpretation of this clause by the previous decisions wherein, among other things, it was determined that a continuing obligation is binding on successor landlords who take title with notice, actual or constructive, of the obligation (37 NY2d 501). It is significant, however, that the covenant sought to be enforced in the prior litigation was an obligation to furnish plaintiff bank with 10 free parking spaces promised in the lease. Such an obligation, the court determined, was a continuing responsibility and binding on the present third-party defendant as a subsequent owner and landlord. In the instant case the covenant is to reimburse plaintiff for moneys expended in the renovation of the premises. This one time only obligation became due and payable within a reasonable time after the work was completed. The record reveals that the work was completed in September, 1972 and the third-party defendant did not acquire the property until January, 1973. Consequently, the obligation became fixed when defendants were the owners with no responsibility on the third-party defendant *(Coffin v Talman,* 8 NY 465). We also reject defendants' contention that a surety relationship exists between them and the third-party defendant. While such a relationship existed in a prior controversy between the parties (see *Bank of New York, Albany v Hirschfeld,* 59 AD2d 976, app dsmd 44 NY2d 732 *supra),* to determine that such a relationship exists here would extend the suretyship beyond the bounds of article 33. We believe such an extension to be unwarranted in this case. The order, therefore, should be affirmed. Order affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.