■ LONGLEY-JONES ASSOCIATES, INC., Respondent, v IRCON REALTY Co., Appellant.—Order and judgment unanimously reversed, on the law, without costs, and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: The court, after a nonjury trial, granted judgment to plaintiff, a real estate broker, for an amount due for the claimed renewal or extension in 1980 of an existing commercial lease on defendant's building. The existing lease was made in 1975 with defen-

dant's predecessor in title, Hyland Associates, through plaintiff as broker. Plaintiff does not claim to have participated in the negotiation pertaining to the 1980 lease but bases its claim to a commission on wording in the original 1975 lease in which Hyland Associates agreed to "pay the usual commission for each year this lease is extended or renewed."

In finding for plaintiff, the trial court refused to reach defendant's contention that it was not in privity with plaintiff and had not expressly or impliedly assumed Hyland Associates' obligation to pay a commission on renewal or extension of the 1975 lease. The court held that this issue had been conclusively determined against defendant by Special Term in its denial of defendant's motion for summary judgment which this court had affirmed (see, *Longley-Jones Assoc. v Ircon Realty Co.*, 91 AD2d 878). This was error. A review of the record shows that defendant's summary judgment motion was based solely on the contention that the 1980 lease was not a renewal or extension of the 1975 lease. Special Term in denying defendant's motion never reached the issue of whether defendant had assumed Hyland Associates' obligations to pay a commission on renewal or extension. Indeed, as stressed in plaintiff's opposing papers on the motion, there was an absence of essential information in the record before Special Term pertaining to the transfer from Hyland Associates to defendant. The question of whether defendant assumed the obligations of Hyland Associates was not addressed upon the appeal and, it appears, has never been adjudicated. The case is remitted for a trial on this issue.

Despite the lack of any evidence in the record that defendant on the transfer of the property to it expressly or impliedly assumed Hyland Associates' obligation to pay commissions, plaintiff contends that defendant, as a matter of law, is bound by virtue of the language in the 1975 lease. The clause relied on (i.e., that "the covenants, conditions and agreements contained in this lease shall bind and inure to the benefit of LANDLORD and TENANT, and their respective heirs, executors, administrators, successors in interest and, assigns") does not have such effect (see, *Bank of New York v Hirschfeld*, 37 NY2d 501; *Hart v Socony-Vacuum Oil Co.*, 291 NY 13; *Gurney, Becker & Bourne v Bradley*, 101 AD2d 1012; *Spivak v Madison-54th Realty Co.*, 60 Misc 2d 483). As we stated in *Gurney, Becker & Bourne v Bradley (supra,* pp 1012-1013): "The rule is well settled that 'in the absence of an affirmative assumption, a grantee is not liable on any covenants or agreements by which the grantor may have bound himself, unless, of course,

the covenant runs with the land. (See *Spivak v Madison-54th Realty Co.,* 60 Misc 2d 483, 487; 51C CJS Landlord and Tenant, § 44 [3], pp 126-127.)' *(Bank of New York v Hirschfeld,* 37 NY2d 501, 506; see, also, *Hart v Socony-Vacuum Oil Co.,* 291 NY 13, 16; *Langel v Betz,* 250 NY 159, 164.) There is no question that the brokerage agreement is not a covenant running with the land (see *Neponsit Prop. Owners' Assn. v Emigrant Ind. Sav. Bank,* 278 NY 248, 254-255)." Plaintiff's reliance on *Bank of New York v Hirschfeld (supra)* is misplaced. There, as distinguished from the case here, it was established that on the transfer of the property to the grantee it had "affirmatively assumed the contractual liability of the original landlord to carry out the covenants and terms of the lease" *(Bank of New York v Hirschfeld, supra,* p 506).

Our review of the record shows that the trial court's finding that the 1980 lease was a renewal or extension of the 1975 lease could have been based in part on testimony of plaintiff's representative as to what the parties intended by the terms renewal or extension. This extrinsic evidence was admitted without objection by defendant. We find sufficient evidence to support the court's finding on this issue, and it is affirmed.

Other factual findings were not contested on appeal. (Appeal from order and judgment of Supreme Court, Onondaga County, Tenney, J.—real estate broker's commissions.) Present —Hancock, Jr., J. P., Callahan, Denman, Boomer and Green, JJ.