*73 OPINION OF THE COURT
Howard Miller, J.
Motion by defendant for summary judgment is granted and the complaint dismissed, with costs and disbursements to defendant.
Plaintiff seeks to recover brokerage commissions allegedly due under a contract entered into with a receiver appointed by the court during a foreclosure proceeding. On December 28, 1992, the receiver, Jack Schloss, entered into an exclusive listing agreement with plaintiff for the leasing of certain stores/ offices at a shopping center in Spring Valley, which provided that plaintiff would receive a 4% annual commission on total lease payments actually received by the receiver or his successors in interest. Plaintiff obtained five commercial tenants for the shopping center and, according to plaintiff, the leases were submitted to the court and approved. None of the leases, however, have been submitted to the court on this motion.
During the period of the receivership, plaintiff was paid its annual commissions. It appears that some time in October of 1995, defendant purchased the property from the Referee in foreclosure. Plaintiff contends that the tenants it secured are still in occupancy under the leases approved by the court. It is undisputed that defendant has not paid any brokerage commissions to plaintiff pursuant to the December 28, 1992 agreement. Defendant contends on this motion that it was not aware at the time of bidding on the property at the foreclosure sale that a broker would be claiming commissions for placing tenants in possession prior to defendant’s acquisition of title.
Defendant relies upon three cases to support its contention that it has no liability to plaintiff. In Thorne Real Estate v Nezelek (100 AD2d 651), a purchaser of property was held not liable to a broker for annual commissions due under a lease, since the brokerage agreement was held to create only a personal obligation between the contracting parties which did not run with the land, and the subsequent purchaser, who was not a party to the brokerage agreement, had entered into a contract with the seller for indemnification for the brokerage fees. In Spivak v Madison-54th Realty Co. (60 Misc 2d 483), the court found a subsequent purchaser not liable for brokerage commissions since the purchaser never specifically assumed the obligation. In Longley-Jones Assocs. v Ircon Realty Co. (115 AD2d 272, affd 67 NY2d 346, 347-348), the Court of Appeals held that: "A grantee such as defendant is not personally li *74 able for the performance of each and every covenant in a lease entered into by its grantor merely by taking the conveyance 'subject to’, and with notice of, the terms of the lease * * * Absent an affirmative assumption, a grantee is only liable for those covenants that run with land * * * A covenant in a lease to pay a broker’s commission upon renewal of the lease does not run with the land.”
Plaintiff contends that none of the three cases is applicable, since the leases secured by plaintiff were obtained by a receiver and approved by the court, and that they do not involve property owners who assumed and accepted in whole and without modification all of the terms of the leases.
Although plaintiff contends the leases indicate that it was the broker who secured the leases, the record is barren of any evidence that the leases contained a provision for annual payment of brokerage fees, and thus defendant cannot be said to have assumed that obligation, either by implication or otherwise.
A receiver has only such powers as are conferred upon him or her by statute or court order, and the power to enter into contracts which may endure past the termination of the receivership is extremely limited, and must be subject to court approval (Weeks v Weeks, 106 NY 626). At the time the brokerage agreement was signed, plaintiff had full knowledge that it was entering into an agreement, not with the owner of the property, but with Mr. Schloss, a temporary receiver appointed by the court, with limited powers during the pendency of a foreclosure sale, at which time Mr. Schloss’s receivership would end (Sweeney v Herman Mgt., 85 AD2d 34). There is no evidence that the brokerage agreement upon which plaintiff now sues was ever submitted to the court for approval, along with the leases, or that the receiver had the authority to enter into such an agreement.* Under those circumstances, plaintiff has not shown that the subject brokerage agreement falls within any exception to the principles of law cited in the cases submitted by defendant.
Furthermore, the commissions to be received by plaintiff pursuant to the brokerage agreement were to be paid based upon lease payments actually received by the receiver "or his successors in interest.” The defendant is not the receiver’s "successor in interest,” since it acquired title to the property *75 from the Referee in foreclosure. A temporary receivership does not continue after final judgment unless otherwise directed by the court (CPLR 6401 [c]). No proof having been submitted that the receivership in this case continued after final judgment, Mr. Schloss had no "successors in interest.”

 The order appointing Mr. Schloss as receiver, or any supplemental orders granting him any additional powers, have not been submitted.