■ Joseph M. Marotta, Doing Business as Liquidation Mart, Respondent, v Jim Blau, Appellant. [659 NYS2d 586] —Spain, J. Appeal from that part of an order of the Supreme Court (Ceresia, Jr., J.), entered September 11, 1996 in Albany County, which denied defendant's application for counsel fees.

On March 8, 1993, plaintiff entered into a written agreement to lease certain commercial premises from defendant. After signing the lease, plaintiff commenced this action against defendant alleging causes of action for breach of contract and breach of the covenant of quiet enjoyment. In his answer, defendant asserted counterclaims for damage to the premises and for abuse of process. Following plaintiff's service of a reply to the counterclaims and the completion of some discovery, defendant made a motion to strike plaintiff's verified complaint and reply, and to dismiss the action based upon plaintiff's failure to comply with a preclusion order issued on June 3, 1995. Supreme Court granted the motion and dismissed the action. Defendant subsequently moved for a default judgment on his two counterclaims which was granted by Supreme Court. Thereafter, Supreme Court held an inquest to assess damages on the counterclaims. Following the inquest, the court issued an order awarding defendant $494.65 in damages on the first counterclaim, plus interest and disbursements in the amount of $645 and costs in the amount of $700, but denied his application for counsel fees. Defendant appeals from that part of the order denying his application for counsel fees.

As a general rule, counsel fees are not recoverable in an action unless specifically provided for by statute or contract (see, Bibeau v Ward, 228 AD2d 943, 946, lv denied 89 NY2d 804; Matter of Thompson [S.L.T. Ready-Mix], 216 AD2d 656, 658). Defendant argues that his request for counsel fees should have been granted because paragraph 30 of the parties' lease agreement explicitly provides, in pertinent part, that "[a]ny and all legal fees incurred by either landlord or tenant to enforce conditions of this lease to be paid for by tenant". Supreme Court declined to award counsel fees because defendant neglected to specifically plead them in connection with his first counterclaim, the only counterclaim upon which he was awarded damages after the inquest. Although defendant did not specifically include a request for counsel fees in the pleadings comprising the first counterclaim, such a request was contained in both

the ad damnum and "wherefore" clauses of his answer. In our view, such a blanket request was sufficient to entitle defendant to an award of counsel fees should he prevail upon any of his counterclaims (*see, Bank of New York v Hirschfeld*, 59 AD2d 976; *see also*, CPLR 8301 [a] [12]; *cf., Fairchild Camera & Instrument Corp. v Barletta*, 31 AD2d 534, 535). Accordingly, we conclude the Supreme Court erred and the matter is remitted for the purpose of determining the appropriate and reasonable amount of counsel fees to which defendant is entitled.

Mercure, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's application for an award of counsel fees; application granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.