■ VERTICAL COMPUTER SYSTEMS, INC., a Member of NOW SOLUTIONS, LLC, Suing in its Own Right and in the Right of NOW SOLUTIONS, LLC, Respondent, v ROSS SYSTEMS, INC., Appellant, et al., Defendants. ROSS SYSTEMS, INC., Appellant, v NOW SOLUTIONS, LLC, Respondent. [873 NYS2d 551]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered October 11, 2007, after a jury trial, awarding NOW Solutions, LLC in the *Ross* action $1,943,483 on its first counterclaim, as reduced by a credit for the amount owed on a note, and for attorneys' fees, unanimously affirmed, with costs. Judgment, same court and Justice, entered July 23, 2008, dismissing the *Vertical* action as moot, unanimously affirmed, with costs.

The trial court properly directed a verdict in favor of NOW Solutions based on the unambiguous provision in the asset purchase agreement entitling NOW to a postclosing purchase price adjustment for payments with respect to contracts entered into before the closing date whose periods of maintenance payments go beyond the closing date; the contrary interpretation proffered by Ross Systems would render the phrase "renewals extending" beyond such date meaningless (*see Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007]). This Court is not bound by the law of the case as represented by the motion court ruling (*see Liddle, Robinson & Shoemaker v Shoemaker*, 309 AD2d 688, 691 [2003]). We agree with the trial court that, despite the parties' different interpretations (*see Riverside S. Planning Corp. v CRP/Extell Riverside, L.P.*, 60 AD3d 61 [2008]), the provision was unambiguous as reasonably susceptible of only one meaning (*see Greenfield v Philles Records*, 98 NY2d 562, 570 [2002]), and was therefore not subject to interpretation with the aid of extrinsic evidence (*see Innophos, Inc. v Rhodia, S.A.*, 10 NY3d 25, 29 [2008]). In view of the foregoing, even if, arguendo, appellant were correct that the trial court improperly excluded evidence of a business record

reflecting the intent of the parties, any such error would be harmless.

The court properly directed a verdict in favor of NOW regarding liability under a transitional services agreement, aptly recognizing such liability as a setoff to NOW's obligation to make an installment payment on a note, and not subject to the condition that the note be paid first. Based on all of the governing factors, NOW was the prevailing party entitled, under the asset purchase agreement, to its attorneys' fees in the *Ross* action (*see Solow v Wellner*, 205 AD2d 339, 341 [1994], *affd* 86 NY2d 582 [1995]). Its dismissed counterclaims did not entail central issues, despite the large recovery sought in one of them, and the result was not "mixed" (*cf. Berman v Dominion Mgt. Co.*, 50 AD3d 605 [2008]).

The *Vertical* action was properly dismissed as moot; appellant's claim for attorney fees, set forth only in its wherefore clause and not in any counterclaims to which it could be deemed an integral part (*cf. Burke v Crosson*, 85 NY2d 10 [1995]; *Marotta v Blau*, 241 AD2d 664 [1997]), was not adequately pleaded.

We have considered appellant's other contentions and find them unavailing. Concur—Andrias, J.P., Nardelli, Catterson, Acosta and DeGrasse, JJ.