■ NAVARONE PRODUCTIONS, N.V., Plaintiff, v HSBC GIBBS GULF INSURANCE CONSULTANTS LIMITED et al., Defendants. SONY PICTURES ENTERTAINMENT, INC., Interpleading Plaintiff, v NAVARONE PRODUCTIONS, N.V., et al., Interpleaded Defendants-Respondents, and EBERHARD KUEHL, Interpleaded Defendant-Appellant, et al., Interpleaded Defendants. [884 NYS2d 425]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered June 24, 2008, that, after a nonjury trial, found Navarone Productions, N.V. entitled to certain film distribution revenues, and order, same court and Justice, entered December 31, 2008, that, to the extent appealed from, as limited by the briefs, directed Sony Pictures to pay Navarone 60% of the revenues it is holding and all future revenues from the film, unanimously affirmed, with costs.

This interpleader action required the trial court to determine who was entitled to receive monies that Sony holds, and will receive in the future, representing proceeds on the distribution of a 1970s movie entitled Force 10 from Navarone. In determining that plaintiff Navarone Productions, N.V. was entitled to all monies and to future distributions, the trial court based its findings on a fair interpretation of the evidence (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]), especially in light of appellant's scheme with the interpleaded defendants to defraud Sony into wrongfully paying them by failing to notify Sony that appellant had already received full payment under a settlement agreement (*see generally Pecorella v Greater Buffalo Press*, 107 AD2d 1064, 1065 [1985]). We find that the court did not err in its evidentiary rulings and that the rulings, regardless of their validity, would not have altered the outcome of the case (*see e.g. Vertical Computer Sys., Inc. v Ross Sys., Inc.*, 59 AD3d 205 [2009]).

We have considered appellant's other contentions and find them unavailing. Concur—Saxe, J.P., Sweeny, Moskowitz, Acosta and Richter, JJ.