■ DePetris & Bachrach, LLP, Appellant, v Claudia Srour et al., Defendants, and Charles B. Manuel, Jr., et al., Respondents. [898 NYS2d 4]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered June 3, 2009, insofar as it granted defendants-respondents, Charles B. Manuel, Jr. and Shiboleth LLP's motion to dismiss the complaint as against them and denied plaintiff's cross motion for leave to serve a supplemental complaint, unanimously modified, on the law and the facts, to the extent of denying defendants-respondents' motion to dismiss the fourth, fifth, sixth and seventh causes of action, reinstating said causes of action, and otherwise affirmed, without costs.

Plaintiff law firm, which is seeking to recover unpaid legal fees for services rendered, has commenced the instant action against its client, defendant Claudia Srour, as well as defendants-respondents, who referred the client to the plaintiff law firm and represented defendant Jacques Nasser in a lawsuit by Srour's employer, Merrill Lynch Pierce Fenner & Smith, against members of the Nasser family, including defendant Ezequiel Nasser, who were Srour's customers at Merrill Lynch. In a pre-answer motion pursuant to CPLR 3211, defendants-respondents moved to dismiss the complaint as against them.

On a CPLR 3211 motion to dismiss which is addressed to the pleadings, the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff with the benefit of every possible inference. Whether the plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

Applying these standards, the motion court erroneously dismissed the fourth and fifth causes of action which allege claims against defendants-respondents for breach of the implied warranty of authority and for tortious misrepresentation of authority and assurances of payment, respectively. These causes of action seek to hold defendants-respondents liable for their

own action in misrepresenting that they had authority from the Nassers to enter into a contract in which the defendants, Jacques and Ezequiel Nasser would pay plaintiff law firm $75,000 ($37,500 each) of the legal fees incurred by plaintiff's client Srour.

Under the doctrine of implied warranty of authority, a person who purports to make a contract, representation, or conveyance to or with a third party on behalf of another person, lacking power to bind that person, gives an implied warranty of authority to the third party and is subject to liability to the third party for damages for loss caused by breach of that warranty, including loss of the benefit expected from performance by the principal (*see* Restatement [Third] of Agency § 6.10 [2006]).

Under the doctrine of tortious misrepresentation and assurances of payment, if the person who falsely claims to have power to bind another knows that the claim is untrue, the person has made a fraudulent misrepresentation and is subject to liability to those who, justifiably relying on the representation, suffer a loss as a consequence (*see* Restatement [Third] of Agency § 7.01 [2006]).

The complaint alleges that defendants-respondents represented to plaintiff law firm that they had authority from the Nassers to promise payment of $75,000 of the legal fees incurred by plaintiff's client when, in fact, they lacked the authority to bind the Nassers. Thus, the complaint alleges a viable claim for breach of the implied warranty of authority. The complaint also alleges that defendants-respondents falsely represented to plaintiff law firm that they specifically discussed the subject matter of their authority and representations with the Nassers. Thus, the complaint alleges a viable clam for tortious misrepresentation of authority and assurances of payment.

To the extent the motion court relied on the principle of apparent authority, lack of consideration and the statute of frauds to dismiss these causes of action, such was error. The doctrine of apparent authority is irrelevant because the fourth and fifth causes of action are not seeking to hold the principals (the Nassers) liable on the ground that defendants-respondents had apparent authority from the Nassers to make promises of payment. Rather, these causes of action are seeking to hold the agents, defendants-respondents, liable for contracts or representations they purported to make on behalf of the principal (the Nassers) while acting without authority from the principal. Therefore, the fact that the Nassers never manifested to plaintiff law firm that defendants-respondents were authorized to act on the Nassers' behalf has no bearing on the viability of

the fourth and fifth causes of action. Moreover, regardless of whether or not there was consideration running to the Nassers, defendants-respondents can still be held liable for their own tortious conduct in making deliberate misrepresentations of fact that they had authority to make the promises that the Nassers would pay $75,000 of the legal fees incurred by plaintiff's client (*see* Restatement [Third] of Agency §§ 6.10, 7.01 [2006]). In addition, the statute of frauds does not come into play since the fourth and fifth causes of action are not seeking to enforce the unwritten agreement by the Nassers to pay plaintiff's client's legal fees against the Nassers. These causes of action state a claim against the defendants-respondents regardless of whether there is an enforceable contract with the Nassers.

The sixth cause of action against defendants-respondents for tortious interference with defendant Jacques Nasser's contract with plaintiff law firm to pay $37,500 of the legal fees incurred by plaintiff's client was also improperly dismissed by the motion court. In order for there to be a viable claim there must be a valid contract between Jacques Nasser and plaintiff law firm. Pursuant to General Obligations Law § 5-701 (a) (2), every agreement, promise or undertaking which is a special promise to answer for the debt of another is void unless it is in writing. Under a long-standing exception to the statute of frauds, however, the promise need not be in writing if it is supported by new consideration moving to the promisor and beneficial to him, and the promisor has become in the intention of the parties a principal debtor primarily liable (*see Martin Roofing v Goldstein*, 60 NY2d 262, 264 [1983], *cert denied* 466 US 905 [1984]; *Carey & Assoc. v Ernst*, 27 AD3d 261 [2006]). At the very least, the allegations in the complaint raise an issue of fact concerning whether Jacques Nasser agreed to act as a guarantor in the event plaintiff's client did not pay her legal fees, in which case there was no enforceable contract, or whether in seeking to secure the benefit of the cooperation of plaintiff's client in connection with the lawsuit against him by her employer, Jacques Nasser offered to lift the burden of the obligation to pay legal fees from plaintiff's client and pay the law firm directly, in which case the contract would not be barred by the statute of frauds (*see Rowan v Brady*, 98 AD2d 638, 639 [1983]). Therefore, the sixth cause of action for tortious interference with contract is reinstated.

Finally, the motion court erroneously dismissed the seventh cause of action against defendants-respondents which alleges tortious interference by defendants-respondents with the attorney-client relationship between plaintiff law firm and its

client, defendant Srour. Insofar as the complaint alleges that defendants-respondents, knowing that Srour was represented by plaintiff law firm, met with Srour alone, without informing plaintiff law firm of the meeting, and approximately three days later, Srour discharged plaintiff law firm, it is sufficient at this stage of the proceedings, to state a viable claim, and therefore the seventh cause of action is reinstated.

We have considered plaintiff law firm's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Sweeny, Nardelli and Abdus-Salaam, JJ.