■ ABYSSINIAN DEVELOPMENT CORPORATION et al., Respondents-Appellants, v DAVID BISTRICER et al., Appellants-Respondents. [18 NYS3d 847]—

Judgment, Supreme Court, New York County (Richard F. Braun, J.), entered October 10, 2013, after a nonjury trial, awarding plaintiffs sums of money as against defendant Clipper Equity Holdings, LLC, dismissing plaintiffs' claims against defendant Bistricer, and dismissing the counterclaim, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 9, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The trial court's factual findings are based on a fair interpretation of the evidence, and its legal conclusions are correct. Neither delivery of the letter of intent nor the closing of the contract to purchase Starrett City was a condition precedent to the enforceability of the parties' obligations under section 18 of the letter of intent (*see Schuler-Haas Elec. Co. v Aetna Cas. & Sur. Co.*, 40 NY2d 883 [1976]). Execution of the letter of intent by plaintiff organization was not unreasonably delayed, especially in light of the fact that defendants were still making efforts to obtain execution until just days before the letter was signed.

Amendment of the answer to assert the defense of illegal lobbying activity was properly denied for lack of merit.

Plaintiffs substantially performed under the letter of intent by "cooperating with" defendants and "actively supporting" their efforts to obtain community and governmental approval of the planned purchase.

Plaintiff law firm is entitled to recover its fees based on an account stated in light of the fact that defendants retained its itemized bill without objection for 4½ months from the date it was first rendered in August 2007 (*see Ellenbogen & Goldstein v Brandes*, 226 AD2d 237 [1st Dept 1996], *lv denied* 89 NY2d 806 [1997]). No equitable considerations warrant a departure from this conclusion.

The claim for legal fees was correctly dismissed as against defendant Bistricer, who is not personally liable for the fees. His alleged oral promise to pay them is barred by the statute of frauds (General Obligations Law § 5-701 [a] [2]). It was not rendered enforceable by any new consideration flowing to him (*see DePetris & Bachrach, LLP v Srour*, 71 AD3d 460, 463 [1st Dept 2010]). Nor is there an exception under General Obligations Law § 5-701 for part performance (*see Gural v Drasner*, 114 AD3d 25 [1st Dept 2013], *lv dismissed* 24 NY3d 935 [2014]). In any event, the law firm's continued work was not unequivocally referable to Bistricer's alleged oral promise to be personally liable for the fees.

The trial court correctly dismissed the counterclaim for fraud based on its finding that the claimed representation was not made and on defendants' failure to prove by clear and convincing evidence that plaintiffs never intended to comply with their contractual obligations (*see Callisto Pharm., Inc. v Picker*, 74 AD3d 545 [1st Dept 2010]).

Plaintiffs' request for attorneys' fees was correctly denied since it was not even asserted in a wherefore or an ad damnum clause (*see Vertical Computer Sys., Inc. v Ross Sys., Inc.*, 59

AD3d 205, 206 [1st Dept 2009]; *Fairchild Camera & Instrument Corp. v Barletta,* 31 AD2d 534 [1st Dept 1968]).

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Richter and Kapnick, JJ.

---

The decision and order of this Court entered herein on April 16, 2015 (127 AD3d 537 [2015]) is hereby recalled and vacated (*see* 2015 NY Slip Op 90129[U] [2015] [decided simultaneously herewith]).