Law Off. of Mark S. Helweil v Karambelas (2021 NY Slip Op 00260)





Law Off. of Mark S. Helweil v Karambelas


2021 NY Slip Op 00260


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Gische, J.P., Oing, Moulton, Mendez, JJ. 


Index No. 159060/18 Appeal No. 12909-12909A Case No. 2019-03670 

[*1]The Law Office of Mark S. Helweil et al., Plaintiff-Respondents,
v
Andrea Karambelas, Defendant-Appellant.


Michael P. Lagnado, New York, for appellant.
Rottenberg Lipman Rich, P.C., New York (Harry W. Lipman of counsel), for respondents.



Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered August 23, 2019, in favor of plaintiffs on the claim for account stated in the principal amount of $644,947.21, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered August 1, 2019, which granted plaintiffs summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiffs made a prima facie showing of entitlement to judgment on the basis of an account stated. Defendant client's signed retainer agreement, payment of a $35,000 retainer, agreement to pay an hourly rate of $600 for legal services, agreement to pay all bills for legal fees, costs, and disbursements immediately upon receipt, as well as four partial payments toward the bills, constituted an acknowledgment of amounts owed and her assent (see Morrison Cohen Singer & Weinstein v Ackerman, 280 AD2d 355, 356 [1st Dept 2001]). Defendant's failure to lodge a timely, specific objection to the billing was insufficient to rebut any inference of an agreement to pay the stated amount (see Shaw v Silver, 95 AD3d 416 [1st Dept 2012]). Moreover, evidence in the form of detailed monthly invoices addressed to defendant, together with affidavits indicating that the invoices were regularly and timely forwarded to and received by defendant, established plaintiffs' compliance with the retainer agreement's regular billing requirements (see Berkman Bottger & Rodd, LLP v Moriarty, 58 AD3d 539, 539 [1st Dept 2009]).
Defendant's objections raised after the commencement of this action were untimely and insufficient (see Whiteman, Osterman & Hanna, LLP v Oppitz, 105 AD3d 1162, 1163-1164 [3d Dept 2013]; see also L.E.K. Consulting LLC v Menlo Capital Group, LLC, 148 AD3d 527, 528 [1st Dept 2017]). Further, defendant's reliance on her eighth affirmative defense to raise issues of fact concerning the account stated claim is unavailing. Those allegations are insufficient to rebut the prima facie showing of an account stated (see Abyssinian Dev. Corp. v Bistricer, 133 AD3d 435, 436 [1st Dept 2015]). Defendant's failure to consolidate her legal malpractice action, which she commenced subsequent to this legal fees action, precludes review of whether her claim is sufficiently intertwined with the account stated cause of action (see Emery Celli Brinckerhoff & Abady, LLP v Rose, 111 AD3d 453, 454 [1st Dept 2013).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021