[Civil No. 2383.  Filed September 24, 1925.]

[239 Pac. 296.]

# R. F. GRANT, JOSEPH VARGO and AUGUST ERICKSON, Appellants, v. F. J. HARNER, Appellee.

1. MINES AND MINERALS—FINDING THAT ASSIGNEE AGREED TO PAY ASSIGNOR'S OBLIGATION ON MINING CLAIM TO OWNER NOT SUSTAINED.—Evidence *held* insufficient to sustain finding that assignee of lease and bond on mining claims agreed with assignor to pay his obligation on the claim to owner.

2. MINES AND MINERALS—ASSIGNEE, IN TAKING ASSIGNMENT OF MINING CLAIMS, HELD NOT TO HAVE BECOME INDEBTED IN ANY SUM TO OWNER THEREOF.—Assignee of lease and bond on mining claims, in taking assignment, *held* not to have become indebted in any sum to owner thereof.

See (1) 27 **Cyc.**, p. 702.   (2) 27 **Cyc.**, p. 702.

APPEAL from a judgment of the Superior Court of the County of Yavapai.  John J. Sweeney, Judge. Cause remanded with directions to dismiss complaint.

Messrs. Clark & Clark, for Appellant.

Mr. A. L. Hammond, for Appellee.

ROSS, J.—According to the allegations of the complaint the plaintiff, Harner, on April 12th, 1922, had a lease and bond on certain mining claims in Yavapai county from the owner of said claims, and on that day he sold and assigned such lease and bond to defendants Grant and Vargo, who agreed in writing to pay plaintiff therefor $2,875 as follows: $150, April 12, 1922; $125, June 12, 1922; $100, July 12, 1922; $500, January 1, 1923; $2,000, January 1, 1924.  It is alleged that on December 1, 1922, defendant August

2.  See 2 R. C. L. 625.

Erickson purchased Vargo's interest in the lease and bond, taking a written assignment of same, and—

"then and there assumed and agreed to pay to the said plaintiff all of the indebtedness to the said plaintiff mentioned in said assignment, . . . entered into possession of the property, . . . and associated himself with the said defendant, the said R. F. Grant, as his partner and associate, and continued for a long period of time to work and operate said premises as a partner and associate of the said defendant R. F. Grant."

It is alleged that the first three payments, lacking Five Dollars, were paid by defendants, but default in making the $500 payment when due occurred. Judgment is asked against all three defendants for $505. Neither Grant nor Vargo appear here on appeal. The answer of defendant Erickson consists of demurrers and denials. The case was tried by the court, and judgment given to plaintiff for amount sued for, and defendant Erickson appeals.

Several assignments of error are made, but we think it unnecessary to consider any of them, except the one directed at the insufficiency of the evidence to support the court's findings and the judgment. One of the court's findings, to which strenuous objection is made, is as follows:

"That said defendant Erickson purchased the interest of the said defendant Vargo as aforesaid, with the understanding and intention of assuming the obligations of the said defendant Vargo in the premises. That such assumption to pay the said partnership obligations was not a collateral promise to pay the debt or default of another, but to pay his own partnership debt, and incidentally to pay a debt originally contracted by the said Vargo."

We have carefully read the testimony of witnesses, and confess we have been unable to find any substantial evidence therein to justify such a finding. Wit-

ness Vargo testified to selling his interest in lease and bond to Erickson for $75, and Grant testified to the same, and stated that he and Erickson worked on the mines together as partners for a while, and that he paid Harner at one time or another during such association $225. Neither of these witnesses, nor any other witness, stated that the defendant Erickson promised to pay plaintiff, Harner, anything in consideration of the assignment by Vargo to him of the former's interest in lease and bond. The only circumstance shown by the oral testimony, from which it could be concluded that defendant Erickson assumed Vargo's obligation to pay Harner the purchase price of lease and bond, is that he joined Grant, after buying Vargo's interest, in working on mining claims. One might conjecture or guess from such circumstance that some arrangement might have existed, as between Erickson and Grant, as to the caring for Harner's demand; but surely no court would be justified in concluding therefrom that Erickson had agreed with Vargo to pay the latter's obligation to Harner.

This brings us to the assignment itself, to see whether it contains any evidence of a promise on Erickson's part to assume and pay Vargo's obligation to Harner. It recites:

"For and in consideration of the sum of seventy-five and no/100 dollars . . . to him in hand paid by August Erickson, . . . does . . . grant, bargain, sell, and convey his undivided one-half interest" in lease and bond (describing it and some camp articles).

In this instrument the only promise Erickson made was to pay $75 to Vargo, which the evidence shows he did. From the law, it is clear defendant Erickson did not, in taking the assignment, become indebted in any sum to plaintiff, Harner. The rule is well stated in 2 R. C. L. 625, § 34, as follows:

"A question has been raised as to whether the assignment of a contract operates to cast on the

assignee liabilities imposed by the contract on the assignor, and it may be stated as a general principle that the assignment does not have any such effect. It cannot shift the assignor's liabilities to the assignee, because it is a well-established rule that a party to a contract cannot relieve himself of his obligations by assigning the contract. Neither does it have the effect of creating a new liability on the part of the assignee to the other party to the contract assigned, because the assignment does not bring them together, and consequently there cannot be the meeting of minds essential to the formation of a contract."

There being no evidence that defendant Erickson promised or undertook to pay Harner anything, the findings and judgment are without support. Judgment should be given for defendant Erickson.

The case is remanded, with directions to dismiss complaint as to Erickson.

McALISTER, C. J., and LOCKWOOD, J., concur.