PER CURIAM.
Plaintiff, The Keyes Company, appeals from an order which dismissed its second amended complaint with prejudice.
Keyes had sued the various defendants, jointly and severally, on numerous theories of liability set forth in six separate counts in the amended complaint, alleging that they owed it, a real estate commission of $4,200 plus interest and costs.
We reverse the dismissal with prejudice of plaintiff’s claim for alleged damages as to defendants Fraziers. The second amended complaint alleged sufficient ultimate facts to state a cause of action for damages for breach of an express written *277 agreement between the Fraziers and appellant. R.C.P. 1.110, 30 F.S.A.
We affirm the dismissal with prejudice of Keyes’ claim against the other defendants. These defendants were not parties to the express written contracts between the Fraziers and The Keyes Company. They never employed Keyes, or agreed to pay Keyes a commission for any services, actual, or implied. See 12 C.J.S. Brokers §§ 59 and 82, 12 Am.Jur.2d Brokers § 164.
Briefly, the facts alleged are that Frazier, the landlord, leased certain property to Monique, Inc. with an option given to Monique to purchase. Keyes, under agreements in writing with Frazier was to receive a commission in the event the tenant, Monique, exercised its option and purchased the property. Frazier subsequently conveyed the property to Filmore Investors, who conveyed to Cornfeld, both conveyances “subject to” the lease. Monique exercised its option. Cornfeld then conveyed to Rosenberg and Lewis, officers of Monique. Keyes sued the defendants for its commission.
The original agreement between the landlord Frazier, and The Keyes Company for the payment of a commission in the event the tenant, Monique, Inc., exercised its option to purchase was not a covenant running with the land. It was a personal agreement and does not bind a subsequent purchaser of the property who takes it “subject to” the lease, to the payment of a real estate commission to persons with whom they have never employed or agreed to pay a commission. See Ernest A. Carrere’s Sons v. Levy, 191 So. 747 (La.App.1940); Blasser v. Cass, 158 Tex. 560, 314 S.W.2d 807 (1958); S. L. Nussbaum & Co. v. Atlantic Virginia Realty Corp., 206 Va. 673, 146 S.E.2d 205 (1966); and Restatement, Property § 537 (1944).
The order herein appealed is, therefore, affirmed as to all the defendants except the Fraziers. We reverse and remand for further action as to them.
It is so Ordered.