■ Gurney, Becker & Bourne, Inc., Respondent, v Robert J. Bradley, Sr., et al., Appellants; Lawrence H. Sunshine, as General Partner of Main Evans Associates, Respondent-Appellant, and Morton H. Wittlin, as General Partner of Main Evans Associates, Respondent, et al., Defendant. — Order unanimously modified and, as modified, affirmed, with costs to defendants Bradley, Sr., Carey and Bradley, Jr., in accordance with the following memorandum: Special Term erred in granting plaintiff summary judgment against defendants Bradley, Sr., Carey and Bradley, Jr. (Bradley), for a brokerage commission owing to plaintiff upon exercise of a tenant's renewal option on a sublease. Defendants Sunshine, Wittlin and Drake were general partners in Main Evans Associates which owned premises known as the Caldwell Building. They entered into a lease-back arrangement with 5280 Main Street, Inc. (of which Sunshine, Wittlin and Drake were the principals), which subleased a portion of the premises to Proctor & Gamble Distributing Co. (the Tenant) in April, 1977. The Tenant was procured through plaintiff's efforts and a commission was paid by 5280 Main Street. Appended to the lease between 5280 Main Street and the Tenant was an agreement executed by Main Evans consenting to the lease and to an assignment of rent and acknowledging that if the Tenant exercised a five-year renewal option contained in the lease, Main Evans would pay plaintiff an additional commission of $9,314. ¶ Bradley purchased the property from Main Evans in August, 1980. Pursuant to the contract of sale Bradley took "subject to the rights of tenants, rents and security" but did not expressly assume Main Evans' obligation for the brokerage commissions upon renewal of the lease by the Tenant. In February, 1982 the Tenant exercised its option to renew. When plaintiff was unable to collect its commission, it sued both the former and present owners of the premises. On plaintiff's motion for summary judgment, the court awarded judgment against all defendants but gave defendants Sunshine, Wittlin and Drake a claim over against Bradley for any amounts which they might become obligated to pay plaintiff. We find that it was error to award judgment against Bradley and that Main Evans remains liable on its contract obligation to plaintiff. ¶ The rule is well settled that "in the absence of an affirmative assumption, a grantee is not liable on any covenants or agreements by which the grantor may have bound himself, unless, of course, the covenant runs with the land. (See *Spivak v Madison-54th Realty Co.,* 60 Misc 2d 483, 487; 51C CJS Landlord and Tenant, § 44[3], pp 126-127.)" (*Bank of New York v Hirschfeld,* 37 NY2d 501, 506; see, also, *Hart v*

*Socony-Vacuum Oil Co.,* 291 NY 13, 16; *Langel v Betz,* 250 NY 159, 164.) There is no question that the brokerage agreement is not a covenant running with the land (see *Neponsit Prop. Owners' Assn. v Emigrant Ind. Sav. Bank,* 278 NY 248, 254-255). ¶ *Conditioner Leasing Corp. v Sternmor Realty Corp.* (17 NY2d 1), on which Special Term relied, is factually distinguishable. There the grantor entered into a contract to lease a number of air-conditioning units at a monthly rental for a period of five years and agreed to an acceleration clause making the entire balance due and payable upon any monthly default. Default occurred for two months and the outstanding balance was declared due and payable. Thereafter, the grantee purchased the premises in which the units were located but did not assume the leasing agreement in question. When the lessor demanded that the grantee pay the amount due, the grantee refused and directed that the units be removed. However, when the mortgagee bank informed him that it would treat such removal as a default, the grantee kept the equipment. Such affirmative act to retain the leased equipment is the factor that distinguishes that case from the present. Here there is no evidence that Bradley insisted on the Tenant's renewal or induced the Tenant to remain. Indeed, under the terms of the lease, Bradley was bound to allow the Tenant to exercise its option to renew. Whereas they certainly will receive the rents due under the lease, that obligates them only to honor the terms of the lease which did not include the brokerage agreement. ¶ We believe that the result reached in *Spivak v Madison-54th Realty Co.* (60 Misc 2d 483, *supra*) should obtain here as the case is substantially identical. There, as here, the plaintiff sought a brokerage commission from a grantee of the premises upon exercise of a renewal option by the tenant. The court found that the brokerage agreement was a contract between plaintiff and the grantor to which the grantee was not privy so that, even though the grantee had knowledge of the obligation, the general rule of law that an assignee of a lease may not be held liable absent a specific assumption of the obligation was controlling. That decision, cited as authority in *Bank of New York v Hirschfeld* (37 NY2d 501, 506, *supra*) is the well-settled rule in New York and the one which controls the rights of the parties here. (Appeals from order of Supreme Court, Erie County, Mintz, J. — summary judgment.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.