OPINION OF THE COURT
Per Curiam.
Where property is conveyed "subject to” a lease providing that the owner will pay brokerage commissions in the event the lease is extended or renewed, the purchaser of the property does not, without an affirmative assumption, undertake the contractual obligation of its predecessor in interest for the commissions.
In 1975, plaintiff successfully negotiated a lease for the then-owner of a commercial property in Salina, New York. The lease contained a clause obligating the owner to pay plaintiff a commission in the event that the lease was extended or renewed. Prior to the expiration of the original lease term, however, the property was conveyed to defendant, "subject to” the lease. The lease with the tenant was subsequently renewed by defendant without plaintiff’s assistance, and plaintiff brought this action to recover a commission. Plaintiff won a judgment after a nonjury trial, but the Appellate Division reversed and ordered a new trial on the issue whether defendant had affirmatively assumed the obligation of its predecessor in interest. Plaintiff has appealed to this court by stipulation for judgment absolute (CPLR 5601 [c]).
A grantee such as defendant is not personally liable for the performance of each and every covenant in a lease entered into by its grantor merely by taking the conveyance "subject to”, and with notice of, the terms of the lease (Hart v Socony *348 Vacuum, Oil Co., 291 NY 13, 17; Gurney, Becker & Bourne v Bradley, 101 AD2d 1012, 1013). Absent an affirmative assumption, a grantee is only liable for those covenants that run with land (Bank of N. Y, Albany v Hirschfeld, 37 NY2d 501, 506; Spivak v Madison — 54th Realty Co., 60 Misc 2d 483, 487). A covenant in a lease to pay a broker’s commission upon renewal of the lease does not run with the land (see, Orange & Rockland Utils, v Philwold Estates, 52 NY2d 253, 263; Neponsit Prop. Owners’ Assn. v Emigrant Indus. Sav. Bank, 278 NY 248, 257-258, rearg denied 278 NY 704). Moreover, because the plaintiff real estate broker and the former owner of the property were not in privity of estate, the covenant could not run with the land conveyed to defendant even if the clause touched and concerned the land (see, Neponsit Prop. Owners’ Assn. v Emigrant Indus. Sav. Bank, supra, pp 260-261).
Bank of N. Y, Albany v Hirschfeld (supra) is not to the contrary. In that case, we held that the grantee had affirmatively assumed a lease covenant by taking title "subject to” the lease, and with notice of its contents, but there the lease additionally provided that it should be deemed " 'without further agreement between the parties or their successors in interest * * * that the purchaser * * * of the building has assumed * * * all covenants and obligations of the Landlord hereunder’ ” (id., p 506).
Accordingly, the order of the Appellate Division should be affirmed and, pursuant to plaintiffs stipulation, judgment absolute in favor of defendant is granted.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur in Per Curiam opinion; Judge Hancock, Jr., taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, and pursuant to plaintiffs stipulation, judgment absolute granted in favor of defendant.