HAWKINS, Presiding Justice, for the Court:
James Coggins has appealed from a summary judgment rendered in the circuit court of the 1st Judicial District of Hinds County in favor of Maurice H. Joseph for brokerage commissions due Joseph under a business office lease between A.P.P. Corporation and Mutual Insurance Agency, Inc., dated July 25, 1977. Appeal was taken only as to that part of the judgment finding Coggins personally liable for the realty commissions provided for in this particular lease. This is all we address on this appeal. The judgment also covered other transactions between Coggins and Joseph from which no appeal was taken.
We are persuaded that Coggins as as-signee of the A.P.P. Corporation — Mutual Insurance Agency, Inc., lease neither assumed nor became personally liable for any realty brokerage commission due Joseph under the lease, and therefore that part of the circuit court judgment finding Coggins personally liable for payment of such commission is reversed and judgment rendered here for Coggins.
FACTS
On the 25th day of July, 1977, A.P.P. Corporation, a corporation, and Mutual Insurance Agency, Inc., a corporation, entered into a five-year lease contract covering 996 square feet of office space in a building located at 802 North State Street in Jackson, beginning August 1, 1976, and ending July 31, 1981. Paragraphs 21 and 22 of this lease contain the following provisions:
21.
The covenants of this lease shall inure to the benefit of and shall be binding upon Lessor and Lessor’s successors in title, as well as Lessee, his successors or assigns.
22.
Maurice H. Joseph, agent, of Jackson, Mississippi, is recognized as procuring agent in securing this lease. Lessor herein agrees to pay to the said Maurice H. Joseph, his heirs, assigns, or successors, commission of Six (6%) percent of all rentals including all renewals and/or extensions. These commissions shall be paid on an annual basis in advance out of the first month’s rental each year.
Yol. I, pp. 54-55.
A.P.P. Corporation owned the building which included this office space. In October, 1979, it sold the building to Coggins. On January 15, 1981, A.P.P. Corporation dissolved and ceased to exist.
On July 20, 1981, Coggins executed a lease agreement with Mutual for the period August 1, 1981, through July 31, 1982, for 1,810 square feet of office space, which included the office space in the original lease between A.P.P. Corporation and Mutual, as well as additional office space.
Coggins paid Joseph the commissions provided for in the lease for the duration of the original lease. He refused to pay any commission as to any renewal lease.
On March 11, 1983, Joseph filed his complaint against Coggins in the circuit court for recovery under various lease contracts with Coggins, and for commissions due under all renewals under the A.P.P. Corporation — Mutual Insurance Agency lease.
Following pre-trial depositions and affidavits, the court on February 12, 1985, rendered the following written opinion:
This action also involves lease commissions for a lease between Coggins and Mutual Insurance Agency, Inc. (“Mutual Leas,e”) for office space in property owned by Coggins located at 802 North State Street, Jackson, Mississippi. On July 25, 1977, A.P.P. Corporation, owner of property located at 802 North State Street, Jackson, Mississippi entered into a lease agreement with Mutual for lease of office space. Pursuant to the terms *213 of the agreement, Joseph was recognized as procuring agent of the lease. Paragraphs 21 and 22 of the lease provide as follows:
[Paragraphs 21 and 22 omitted)
On or about October 26, 1979, Coggins purchased the 802 North State Street property and began receiving the rentals pursuant to the lease between A.P.P. Corporation and Mutual. On or about July 20, 1981, Coggins entered into a renewal of the lease with Mutual, but refused to continue paying commissions to Joseph. Joseph seeks payment of these commission from Coggins as the successor in interest from A.P.P. Corporation. There are no material facts in dispute.
Because Coggins accepted the benefits of the lease between A.P.P. Corporation and Mutual, he must bear the burdens of the lease as well. Accordingly, Coggins has impliedly assumed the lease between A.P.P. Corporation and its successors and is bound by the terms of that lease. Since Coggins has entered into a renewal of that lease by continuing the lessor-lessee relationship with Mutual, he must pay Joseph unpaid commissions at the rate of 6% of the rental for all rentals received plus pre-judgment interest at 8% from the due dates as set forth in Count Six of the Amended Complaint. Furthermore, Joseph is entitled to declaratory relief that Coggins must pay Joseph a commission as set forth above for each rental period so long as Mutual or its successor, heir, or assignee occupies any rental space in the 82 North State Street property owned by Coggins.
Yol. Ill, pp. 281-282.
The circuit court also on the 12th day of February, 1985, rendered final judgment in favor of Joseph against Coggins reciting in pertinent part the following:
6) Commission for lease between James Coggins and Mutual Insurance Agency, Inc. at 802 North State Street, Jackson, Mississippi — Commission and Interest to August 6, 1984, $3,897.36, plus interest on commissions from August 6 1984 to date of $148.52 for a total amount of $4045.88, provided, however, that Coggins shall pay Joseph an additional commission for past and present renewals as a result of any higher rentals than that reflected in the lease signed on or about July 20, 1981 received after July 31, 1982. Coggins shall pay to Joseph a commission of 6% of all rentals received on an annual basis in advance out of the first month's rental for the lease period so long as there is a lessor-lessee relationship between Coggins and Mutual Insurance Agency. Inc. or its successors, heirs or assigns at 802 North State Street, Jackson, Mississippi.
Vol. Ill, p. 277.
Coggins appealed this part of the judgment which found him legally liable for real estate commissions for any renewal of the original lease.
LAW
The record does not disclose any written assignment of the lease contract from A.P.P. to Coggins. When Coggins purchased the realty, it was subject to this lease, with Mutual having the right to remain on the property for the duration of its term. It was apparently the intent of A.P.P. to assign the lease when it sold the realty to Coggins, who honored its terms, accepted the rentals, and for its duration paid Joseph the brokerage commission.
The question before us is whether Cog-gins was obligated to pay Joseph any commission when he entered into a lease with Mutual at the termination of this lease.
It is well settled that the mere assignment of a contract does not carry with it any obligation by the assignee to assume the assignor’s obligation thereunder. In the absence of an agreement by the assign-ee to assume the assignor’s obligation, the assignee has no contractual obligation to perform. Mitchell v. Atlas Roofing Mfg. Co., 246 Miss. 280, 149 So.2d 298, 304 (1963). Grant, et al. v. Harner, 29 Ariz. 41, 239 P. 296 (1925).
The precise question raised by Coggins appeal has never been before this Court, *214 but has been presented in other states. They hold with virtual unanimity that no liability is imposed upon the successor in title to pay brokerage commissions in the absence of an express agreement to do so. Quite frequently the argument (not made in this case) has been made that the obligation to pay brokerage commission is a covenant running with the land and therefore enforceable. The courts have likewise rejected this argument. Thus, in Goldberg v. Varner, 72 Ga.App. 673, 34 S.E.2d 722 (1945), an almost identical factual situation as here, the Georgia Court of Appeals held the lessor-assignor’s agreement to pay brokerage commissions was a personal obligation, was not a covenant running with the land, therefore not binding upon the purchaser-assignee. See: Spivak v. Madison-54 Realty Co., 60 Misc.2d 483, 303 N.Y.S.2d 128 (S.Ct.N.Y.1969); Talcott v. Roy D. Warren Commercial, Inc., 120 Ga. App. 544, 171 S.E.2d 907, 909 (1969); Keyes Co. v. Frazier, 213 So.2d 276 (Fla.Dist.Ct. App.1968); Blasser, et al. v. Cass, 158 Tex. 560, 314 S.W.2d 807 (1958).
In the case of Gurney, Becker & Bourne, Inc. v. Bradley, 101 A.D.2d 1012, 476 N.Y.S.2d 677, (N.Y.App.Div.1984), the New York Supreme Court stated the rule as follows:
The rule is well settled that “ * * * in the absence of an affirmative assumption, a grantee is not liable on any covenants or agreements by which the grant- or may have bound himself, unless, of course, the covenant runs with the land. (Cites omitted) There is no question that the brokerage agreement is not a covenant running with the land (see Neponsit Prop. Owners’ Assn. v. Emigrant Industrial Savings Bank, 278 N.Y. 248, 254-255, 15 N.E.2d 793 [(1938)]).
Id. at 678.
Since Coggins did not expressly assume A.P.P. Corporation’s obligation to pay a brokerage commission, Coggins is not personally obligated to pay Joseph the commission upon renewal of the lease.
REVERSED AND RENDERED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
PRATHER, J., not participating.