■ FEINBERG BROS. AGENCY, INC., et al., Appellants, v M. ROY SCHORNSTEIN et al., Respondents, et al., Defendant.—In an action to recover a brokerage commission, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Martin, J.), entered September 17, 1986, which denied the plaintiff's motion for summary judgment, and granted the cross motion of the defendants Schornstein and Webster Hill Realty Corp. for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiffs, who are real estate brokers, entered into a brokerage agreement with the defendant Orion Electronic Corporation (hereinafter Orion), with respect to Orion's efforts to sublease its premises.

Seeking commissions allegedly due under the agreement for renewal of the sublease, the plaintiffs commenced suit against Orion, Webster Hill Realty Corp. (hereinafter Webster Hill), Orion's assignee, and Schornstein, Orion's and Webster Hill's president. Orion failed to answer or appear and a default judgment was entered against it. Special Term granted summary judgment to Webster Hill and Schornstein, holding that these two defendants had no obligation and could not be liable based upon the agreement sued upon.

We affirm. In the absence of an affirmative assumption, a grantee is not liable on any covenants or agreements by which the grantor may have bound himself unless the covenant runs with the land. There is no question that the brokerage agreement is not a covenant running with the land *(Gurney, Becker & Bourne v Bradley,* 101 AD2d 1012). Since the moving defendants were not parties to the agreement and did not affirmatively assume the obligations contained therein, they have no obligation to the plaintiffs based on that agreement *(see, Longley-Jones Assocs. v Ircon Realty Co.,* 67 NY2d 346). That the individual defendant was president of both the assignor and assignee corporations does not change that result. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.