■ HUDSON ENGINEERING ASSOCIATES, P. C., Appellant, v AMES DEVELOPMENT CORPORATION et al., Respondents, et al., Defendants. [643 NYS2d 677]

Contrary to the plaintiff's claim, the respondent purchasers, brokers, and associated entities are not liable for the survey and engineering fees incurred by the assignor in the absence of a specific agreement to assume those liabilities. The mere assignment of a contract may not be interpreted as a promise by the assignee to the assignor to assume the performance of the assignor's duties so as to create new liability on the part of the assignee to the assignor for the performance of those duties. Similarly, the assignment does not create a new liability on the part of the assignee to the other party to the contract assigned *(see, Kagan v K-Tel Entertainment,* 172 AD2d 375; *Langel v Betz,* 250 NY 159, 161-162). In fact, in the absence of an affirmative assumption, an assignee is not liable on any covenants or agreements by which the assignor may have bound

himself, unless, of course, the obligation constitutes a covenant which runs with the land *(see, Longley-Jones Assocs. v Ircon Realty Co.,* 115 AD2d 272, 274; *Gurney, Becker & Bourne v Bradley,* 101 AD2d 1012). In the instant case, the claim for fees for surveying the property does not constitute a covenant that runs with the land *(see, Neponsit Prop. Owners' Assn. v Emigrant Indem. Sav. Bank,* 278 NY 248, 254-255). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment based on the existence of the assignment and, in effect, awarded partial summary judgment in favor of the cross-moving defendants with respect to this issue.

We have reviewed the respondents' remaining contentions and find them to be without merit. Mangano, P. J., Sullivan, Altman and Hart, JJ., concur.