■ In the Matter of PERCIBALLI ASSOCIATES, LP, Appellant, v CORPORATE NATIONAL REALTY, LLC, Respondent. [906 NYS2d 48]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for a real estate brokerage commission, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered January 21, 2010, which, inter alia, denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In 1998 Gino Perciballi, the owner of a commercial building, entered into an exclusive listing agreement (hereinafter the 1998 agreement) with Corporate National Realty, Inc. (hereinafter CNR, Inc.), a real estate broker, providing that CNR, Inc., would receive a commission if any portion of the subject building were leased during the term of the 1998 agreement, and another commission if such lease were ever renewed. In 1999 Gino Perciballi leased 50% of the subject building to K&W Liquors, Inc. (hereinafter K&W Liquors), with an initial lease period of 10 years, and CNR, Inc., received a commission pursuant to the

1998 agreement. In 2001 Gino Perciballi deeded the subject building to the petitioner, Perciballi Associates, LP (hereinafter the petitioner). In 2007 the petitioner entered into a new exclusive listing agreement (hereinafter the 2007 agreement) with the respondent Corporate National Realty, LLC (hereinafter CNR, LLC), another real estate broker. In 2008 the petitioner and K&W Liquors executed a new 20-year lease.

CNR, LLC, subsequently served a demand for arbitration of its claim that it was entitled to a commission as a result of the execution of the 2008 lease. CNR, LLC, claimed that it was entitled to a commission from the petitioner based on two theories: (1) pursuant to the 2007 agreement, and (2) pursuant to the 1998 agreement, as the petitioner was a "successor and assign" of Gino Perciballi. The petitioner then commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration. At the same time that CNR, LLC, served its answer to the petition, CNR, LLC, and CNR, Inc., executed a "Memorandum of Assignment" "memorializing" that, in 2005 CNR, Inc., had orally assigned any rights it had under the 1998 agreement to CNR, LLC. The Supreme Court denied the petition and, in effect, dismissed the proceeding, finding that the parties' dispute was within the scope of the arbitration provisions of both the 1998 agreement and the 2007 agreement. We affirm, but only on the ground that the parties' dispute was within the scope of the arbitration provision of the 2007 agreement.

Contrary to the petitioner's contention, the assignment of CNR, Inc.'s rights under the 1998 agreement to CNR, LLC, did not violate the doctrine of champerty (*see* Judiciary Law § 489 [1]; *Trust for Certificate Holders of Merrill Lynch Mtge. Invs., Inc. Mtge. Pass-Through Certificates, Series 1999-C1 v Love Funding Corp.*, 13 NY3d 190, 198-201 [2009]). However, the petitioner, which was not a party to that agreement, and which never affirmatively assumed Gino Perciballi's duties thereunder, is not bound by the 1998 agreement, including the arbitration provision of the 1998 agreement (*see Longley-Jones Assoc. v Ircon Realty Co.*, 67 NY2d 346, 347 [1986]; *Hudson Eng'g Assoc. v Ames Dev. Corp.*, 228 AD2d 477, 477-478 [1996]; *Gurney, Becker & Bourne v Bradley*, 101 AD2d 1012, 1013 [1984]). Contrary to CNR, LLC's contention, the issue of whether the petitioner is bound by the arbitration provision of the 1998 agreement is a threshold question for the court, and not the arbitrator, to decide (*see Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 6-8 [1980]; *Matter of O'Donnell v Arrow Elecs.*, 294 AD2d 581 [2002]).

Nevertheless, the Supreme Court properly denied the petition

and, in effect, dismissed the proceeding on the ground that the parties' dispute is plainly within the scope of the arbitration provision in the 2007 agreement, which states that any dispute between the parties relating to the 2007 agreement shall be resolved by means of binding arbitration. The parties' dispute as to whether CNR, LLC, is entitled to a commission pursuant to that agreement is for the arbitrator, and not the court, to decide (*see Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d at 8; *Matter of CPS 1 Realty LP v R.P. Brennan Gen. Contrs. & Bldrs., Inc.,* 66 AD3d 418 [2009]; *Shah v Monpat Constr., Inc.,* 65 AD3d 541, 543-544 [2009]). Rivera, J.P., Florio, Angiolillo and Lott, JJ., concur.

