PDG LOS ARCOS, LLC, an Arizona limited liability company; National Retail Development Partners I, LLC, an Arizona limited liability company, Appellants,

v.

Robert M. ADAMS, Trustee, Schedule B Property, under the R and C Adams Family Trust dated December 27, 1994; Schedule A Property under the R and C Adams Family Trust; Dell Real Estate Development, L.L.C., an Arizona limited liability company; Irene Ruth Ahearn, Trustee of the Irene Ruth Ahearn Revocable Trust dated November 22, 2005 and any amendments thereto; Lisa M. Ball, wife of Ryan M. Ball, as her sole and separate property; Tony Christensen, husband as community

740

property with right of survivorship; Jonna Christensen, wife, as community property with right of survivorship; Ronald L. Coleman, Trustee of the Ronald L. Coleman and Carole Coleman Revocable Land Trust dated October 24, 2001 and any amendments thereto; Carole Coleman, Trustee of the Ronald L. Coleman and Carole Coleman Revocable Land trust dated October 24, 2001, and any amendments thereto; Dorothy Jeanne Davis, Trustee of the Dorothy Jeanne Davis Revocable Trust dated July 27, 2004, and any amendments thereto; Jodi Farber, Custodian for Alexa Farber Olds, under The Uniform Gift to Minor Act; John B. Fox, husband of Joyce A. Fox, as his sole and separate property, Trustee of the John B. Fox, M.D., P.C. Profit Sharing Plan & Trust; Adam J. Gilburne, husband, as joint tenant with right of survivorship; Ronda E. Gilburne, wife, as joint tenant with right of survivorship, Trustee of the Adam Gilburne Irrevocable Trust for the Benefit of Jillian Gilburne dated November 22, 1999, and any amendments thereto, aka Rhonda Gilburne; Braxton G. Glass, husband, as community joint tenant with right of survivorship; Katie L. Glass, wife, as community property with right of survivorship; Kevin Goff, as joint tenant with right of survivorship; Ki Ngo, as joint tenant with right of survivorship; Gerald Gross, Trustee of the T & J Gross Trust Agreement Dated May 20, 1993, and any amendments thereto and Trustee of the Gerald Gross Family Trust darted June 28, 1979; William E. Hathcox, Trustee of the William E. and Wanona E. Hathcox Family Trust dated April 26, 1988 and any amendments thereto; Wanona E. Hathcox, Trustee of the William E. and Winona W. Hathcox Family trust dated April 26, 1988; Joseph Lee, Trustee under the Lee Halliday Living trust, dated March 23, 1999 and any amendments thereto; Sharon M. Halliday, Trustee, under the Lee Halliday Living Trust, dated March 23, 1999 and any amendments thereto; Bear Tooth Mountain Holdings Limited Partnership, an Arizona limited liability partnership; AJ Chandler 25 Acres, L.L.C., an Arizona limited liability company; Queen Creek XVIII, L.L.C., an Arizona limited liability company; Rosena M. McKee, Trustee (deceased) Under Declaration of Trust dated November 4, 1994 and amendments thereto; Donald C. Hoots, Trustee of the Donald C. Hoots Revocable trust dated November 5, 1987 and any amendments thereto; Morris A. Kaplan, Trustee of the Goldman and Kaplan Ltd., Defined Benefit Plan–Morris A. Kaplan IRA Rollover Account, Trustee of Carolyn's Interiors; First Trust Company of Onaga, Custodian FBO Marcy L. Kaufman IRA # 41021XXXXX, Custodian FBO Lorinda A. McMullen IRA # 41021XXXXX, Custodian FBO Gina M. LaMendola Ira # 41021XXXXX; William C. Lewis, Trustee of the William C. Lewis Trust dated August 1, 1989 and any amendments thereto; Gerald A. Libling, (deceased) Trustee of the Gerald A. Libling and Reisa M. Libling Revocale Trust dated April 16, 1993 under community property agreement dated May 11, 2006 and any amendments thereto; Reisa M. Libling, Trustee of the Gerald A. Libling and Reisa M. Libling Revocable Trust dated April 16, 1993, under community property agreement dated May 11, 1006 and amendments thereto; Mary K. Marshall, un unmarried woman; Laura Martini, as joint tenant with right of survivorship/Trustee of the Four Paws Properties, L.L.C. Defined Benefit Plan, dated January 1, 2004,

and any amendments thereto; Lorinda S. McMullen, Trustee of the Four Paws Properties, L.L.C. Defined Benefit Plan, dated January 1, 2004 and any amendments thereto, Defined Benefit Plan/joint tenant with right of survivorship; William A. Marsh, Trustee, or their successors in trust, under the Marsh Living trust dated September 27, 2007, and any amendments thereto (Wife Separate Property); Mary L. Marsh, Trustee, or their successors in trust, under the Marsh Living Trust, dated September 27, 2007, and any amendments thereto (Wife Separate Property); Charlotte Snyder McCluskey, wife as joint tenant with right of survivorship; Brett M. McFadden, a single man; Fiduciary Investment Services, Inc., an Arizona corporation; Christopher J. Olson, Custodian for Luke Ryan Schwartz–Olson under the Uniform Gift to Minor Act; Arizona Bank & Trust, Custodian FBO Honeylou Reznik Ira # XXX248; Morley Rosenfield, Trustee of The Morley Rosenfield, M.D.P.C. restated Profit Sharing Plan; Robert G. Roden, Trustee of the Robert G. Roden Living trust dated October 1, 2004 and any amendments thereto; WMS Fixed Income Fund, L.L.C., an Arizona limited liability company; Morton M. Scult, Trustee of the Morton M. Scult, P.C. Money Purchase Pension Plan dated September 1, 1979; Randi F. Sherman, an unmarried woman; Litchfield Road Associates, Ltd., an Arizona limited partnership; Baseline and Val Vista Limited Partnership, an Arizona limited partnership; Verma Kataria Mortgage Investment L.L.C., an Arizona limited company; Mark Andre West, Trustee of the Mew Trust I effective July 9, 1991, and any amendments thereto; Elaina W. West, Trustee of the Mew Trust I effective July 9, 1991, and any amendments thereto; Mortgage Ltd. Opportunity Fund MP–12 L.L.C.; Mortgages Ltd. Opportunity Fund MP–13 L.L.C.; Mortgages Ltd. Opportunity Fund MP–14 L.L.C.; Mortgages Ltd. Opportunity Fund MP–15 L.L.C.; Mortgages Ltd. Opportunity Fund MP–16 L.L.C.; Mortgages Ltd. Opportunity Fund MP–17, L.L.C.; MP062011 L.L.C.; MP122009 L.L.C.; MP122030 L.L.C.; Cornerstone Realty and Development, Inc., Defined Benefit Plan and Trust dated January 1, 2004 and any amendments thereto; Richard J. Sodja, husband; Molly L. Sodja, wife; Christine K. Adams, Schedule A Property, under the R and C Adams Family Trust; Perry Arenson, husband; Susan Arenson, wife; Vincent Barbuto, Trustee of the Vincent Barbuto Revocable Trust; Robert L. Barnes, Jr., a single man; Ray R. Berman, Trustee of the Ray R. Berman Revocable Trust; Edward J. Bermingham, III, husband; Sarah E. Bermingham, wife; Silvia Bighi, Trustee of the Bighi Family Bypass Irrevocable Trust; Bighi & Associates, an Arizona limited partnership; George Burnham, Sr.; Alice Dworkin, Trustee of the Alice Dworkin Revocable Trust; Equity Trust Company, Custodian FBO Bruce D Buckley IRA Acct # 3XXXX; Mary Jane L. Everette, Trustee of Geme Revocable Trust; Ann H. Flaherty, trustee of the Ann H. Flaherty Trust; Nancy Granados, a single woman; Harold J. Christ, Ltd., an Arizona corporation; Kenneth P. Johnson, Trustee of the Kenneth P. Johnson Family Trust; James L. Kaplan, husband; Karen L. Kaplan, wife; David J. Lottes, Trustee of the WGC Retirement Plan; Lizhu Lu; Lois H. MacLeod, Trustee of the Lois H. MacLeod Trust; Barney L. Mallett, Trustee of the Barney L. Mallett Living Trust;

Alan J. Maness, unmarried man; Leslie Howard Margolin, unmarried man; Gabriel Martini, as joint tenant with right of survivorship; Ernest W. Purcell; Francoise J. Reyns, Trustee of the Phillippe Y. and Francoise J. Reyns Revocable Trust; Phillippe Y. Reyns, Trustee of the Phillippe Y. and Francoise J. Reyns Revocable Trust; Eva A. Sperber–Porter; Clement M. Tang, husband; Sheila F. Touhey, wife of Andrew Touhey; Larry Tuscano; Ranee Tuscano, wife; Chris Welsh, husband; Tracey Welsh, wife; Kimberly Westberg, Trustee of the Westberg Family Trust; Laverne Westberg, Trustee of the Westberg Family Trust; Yi Yang, wife; George A. Everette; George Burnham; Unknown Stenmoen, Appellees,

Mortgages Ltd., Debtor–Appellee.

No. 10–15857.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 2011.

Filed May 31, 2011.

Craig M. Lachance, Michael C. Blair, Esquire, Daryl M. Williams, Esquire, Baird Williams & Greer, LLP, Phoenix, AZ, for Appellants.

Michael H. Orcutt, Daxton Reese Watson, Mack, Drucker & Watson, PLC, Phoenix, AZ, for Appellees.

Before: W. FLETCHER and N.R. SMITH, Circuit Judges, and MILLS, Senior District Judge.*

* The Honorable Richard Mills, Senior District Judge for the U.S. District Court for Central Illinois, Springfield, sitting by designation.

MEMORANDUM **

PDG Los Arcos, LLC ("PDG") and National Retail Development Partners, LLC ("NRDP") appeal the district court's order affirming the bankruptcy court's dismissal of their breach of contract actions against "the investors" for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1) and we affirm.

The district court had removal jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 1452(a). Section 1334(b) confers jurisdiction over actions "related to" bankruptcy. These are actions that "could conceivably have any effect on the estate being administered in bankruptcy." *In re Fietz*, 852 F.2d 455, 457 (9th Cir.1988) (emphasis deleted). If PDG and NRDP had prevailed in their breach of contract actions, the investors could have sought contribution or indemnification from Mortgages Ltd. In addition, the investors could have counterclaimed against PDG and NRDP for the unpaid principal balances on their loans, assets that the bankrupt estate was also pursuing. Either claim could have affected the assets or administration of the bankrupt estate.

On the merits, dismissal for failure to state a claim was proper. Under Arizona law, "the assignment of a contract ... cannot shift the assignor's liabilities to the assignee, because it is a well-established rule that a party to a contract cannot relieve himself of his obligations by assigning the contract. Neither does it have the effect of creating a new liability on the part of the assignee to the other party to the contract assigned." *Grant v. Harner*, 29 Ariz. 41, 239 P. 296, 296–97 (1925). *See also Norton v. First Fed. Sav.*, 128 Ariz. 176, 624 P.2d 854, 859 (1981). The inves-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tors did not expressly assume the funding obligations of Mortgages Ltd. Nor, even were we to consider the surrounding circumstances, would we infer an assumption of funding obligations by passive investors.

The district court did not abuse its discretion by declining to withdraw the reference. Even if a party is entitled to a jury trial in a noncore proceeding, the bankruptcy court may retain jurisdiction and decide a dispositive pretrial motion such as a motion to dismiss. *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 787–88 (9th Cir. 2007).

The MP Fund Appellees request attorneys' fees on appeal but have not filed the supporting documentation required by Ninth Circuit Rule 39–1.6(b). We deny the request without prejudice to refiling in compliance with the Rule.[1]

**AFFIRMED**

---

1. The MP Fund Appellees' unopposed motion for judicial notice of the bankruptcy court docket is granted.