# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**282**
**CA 15-00773**
PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, AND TROUTMAN, JJ.

---

THE WHARTON ASSOCIATES, INC., DOING BUSINESS
AS REMAX 1ST COMMERCIAL,
PLAINTIFF-APPELLANT-RESPONDENT,

                V                        MEMORANDUM AND ORDER

CONTINENTAL INDUSTRIAL CAPITAL LLC, AND TECH
PARK OWNER LLC, DEFENDANTS-RESPONDENTS-APPELLANTS.

---

BRIAN R. HENZEL PLLC, PITTSFORD (BRIAN R. HENZEL OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

CULLEY, MARKS, TANENBAUM & PEZZULO, LLP, ROCHESTER (AMY L. DIFRANCO OF
COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT CONTINENTAL INDUSTRIAL
CAPITAL LLC.

LECLAIR KORONA GIORDANO COLE LLP, ROCHESTER (STACEY E. TRIEN OF
COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT TECH PARK OWNER LLC.

---

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered July 23, 2014. The order granted that part of plaintiff's motion seeking summary judgment against both defendants, denied that part of plaintiff's motion seeking attorneys' fees and denied the cross motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion for summary judgment against defendant Tech Park Owner LLC, and granting in part the cross motion and dismissing the amended complaint against that defendant, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this breach of contract action seeking brokerage commissions. Plaintiff moved for summary judgment against defendants, and for an award of attorneys' fees, and defendants cross-moved for summary judgment dismissing the amended complaint against them. Plaintiff now appeals and defendants cross-appeal from an order granting that part of plaintiff's motion for summary judgment, denying that part of plaintiff's motion for attorneys' fees, and denying defendants' cross motion.

Defendant Continental Industrial Capital LLC (CIC) entered into a lease agreement (Lease) with a tenant on property that it owned, and which was subsequently sold to defendant Tech Park Owner LLC (Tech

Park).  At the same time it entered into the Lease, CIC signed a Commission Agreement with plaintiff, pursuant to which CIC agreed to pay plaintiff a commission for leasing the property to the tenant. The Commission Agreement provided that plaintiff was also entitled to a commission if the tenant occupied additional space (unless the tenant was represented by another broker) or the tenant exercised any option under the Lease or renewed the Lease.  When CIC sold the property to Tech Park, Tech Park expressly assumed the Lease.  Tech Park and the tenant subsequently entered a "FIRST AMENDMENT TO LEASE AGREEMENT" (Amendment), but plaintiff was not paid any brokerage commission.

We agree with Tech Park that Supreme Court erred in granting that part of the motion for summary judgment against it and erred in denying that part of the cross motion seeking summary judgment dismissing the amended complaint against it, and we therefore modify the order accordingly.  "Absent an affirmative assumption, a grantee is only liable for those covenants that run with the land" (*Longley-Jones Assoc. v Ircon Realty Co.*, 67 NY2d 346, 348; *see Gurney, Becker & Bourne v Bradley*, 101 AD2d 1012, 1012-1013).  "There is no question that [a] brokerage agreement is not a covenant running with the land" (*Gurney, Becker & Bourne*, 101 AD2d at 1013; *see Longley-Jones Assoc.*, 67 NY2d at 348).  Here, Tech Park did not expressly assume the Commission Agreement, and it is therefore not liable for the payment of any brokerage commission to plaintiff (*see Longley-Jones Assoc.*, 67 NY2d at 348; *Gurney, Becker & Bourne*, 101 AD2d at 1012-1013; *cf. Dysal, Inc. v Hub Props. Trust*, 92 AD3d 826, 828).

We reject CIC's contention that the court erred in granting that part of the motion for summary judgment against it and erred in denying that part of the cross motion seeking summary judgment dismissing the amended complaint against it.  Plaintiff met its burden of establishing its entitlement to judgment as a matter of law by submitting the Commission Agreement and the Amendment (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).  The Amendment renewed the Lease for an additional five years and expanded the tenant's premises, thus triggering the provisions in the Commission Agreement for the payment of a commission to plaintiff.  In opposition to the motion, CIC failed to raise a triable issue of fact that the Amendment constituted a novation (*see Allied Irish Banks, P.L.C. v Young Men's Christian Assn. of Greenwich*, 105 AD3d 516, 517; *see generally Flaum v Birnbaum*, 120 AD2d 183, 192).

Finally, we reject plaintiff's contention that the court erred in denying that part of its motion seeking an award of attorneys' fees. "Under the general rule, attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule" (*Mount Vernon City Sch. Dist. v Nova Cas. Co.*, 19 NY3d 28, 39 [internal quotation marks omitted]). "[T]he court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise" (*id.* [internal quotation marks and emphasis omitted]; *see Colonial Sur. Co. v Genesee Val. Nurseries,*

*Inc.*, 94 AD3d 1422, 1423).  Here, while the Lease contains a provision for the recovery of attorneys' fees, plaintiff is seeking to enforce its rights pursuant to the Commission Agreement, which does not contain any such provision (*see Schwartz v Rosenberg*, 67 AD3d 770, 771-772).

Entered:  March 25, 2016                          Frances E. Cafarell
                                                  Clerk of the Court