█ GRONICH & COMPANY, INC., Respondent, v LONGSTREET ASSOCIATES L.P., Appellant. [35 NYS3d 312]—

Judgment, Supreme Court, New York County (Joan A. Madden, J.), entered April 29, 2015, awarding plaintiff the total sum of $2,540,337.19 against defendant, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered April 8, 2015, which, inter alia, denied defendant's cross motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

"Absent an affirmative assumption, a grantee is only liable for those covenants that run with [the] land" (*Longley-Jones Assoc. v Ircon Realty Co.*, 67 NY2d 346, 348 [1986] [citations omitted]). "A covenant in a lease to pay a broker's commission upon renewal of the lease does not run with the land" (*id.* [citations omitted]; *Cushman & Wakefield v Progress Corp.*, 172 AD2d 191, 193 [1st Dept 1991]). Applying these principles, paragraph 8 of the subject commission agreement, which relieved Longstreet of all liability to Gronich if Longstreet delivered an agreement by the purchaser or grantee of the subject building which assumed payment of the brokerage commission amounts due, was not satisfied by the lease assumption.

The lease assumption, which was included in the closing binder, and stated that the purchaser "hereby accepts the within assignment and assumes and agrees with [Longstreet] to perform and comply with and to be bound by all the terms, covenants, agreements, provisions and conditions of the Leases on the part of the landlord," was insufficient to constitute the affirmative agreement required by paragraph 8 (*see Longley-*

*Jones,* 67 NY2d at 348; *cf. Dysal, Inc. v Hub Props. Trust,* 92 AD3d 826 [2d Dept 2012]). The delivery of brokerage agreements to the purchaser pursuant to section 4.1 (f) of the sale contract did not mean they were assignable to, and assumed by, the purchaser absent an affirmative writing, and Longstreet has provided no documentation to the contrary.

Longstreet's argument that no commission is due because the lease option was exercised by the successor-in-interest and assignee of the tenant is also unavailing (*see Sbarra v Totolis,* 191 AD2d 867, 870-871 [3d Dept 1993]). Concur—Tom, J.P., Friedman, Richter, Kapnick and Gesmer, JJ.