Huguenot LLC v Megalith Capital Group Fund I, L.P. (2024 NY Slip Op 03010)

Huguenot LLC v Megalith Capital Group Fund I, L.P.

2024 NY Slip Op 03010

Decided on June 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 04, 2024

Before: Singh, J.P., Kennedy, Mendez, Rodriguez, JJ. 

Index No. 654851/18 Appeal No. 2426 Case No. 2023-06529 

[*1]Huguenot LLC, Respondent,
v
Megalith Capital Group Fund I, L.P., et al., Defendants, En K. Cho et al., Defendants-Appellants.

Braverman Greenspun, P.C., New York (William J. Geller of counsel), for appellants.
Rosenberg & Estis, P.C., New York (Deborah Riegel and Ethan R. Cohen of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about October 16, 2023, which, insofar as appealed from as limited by the briefs, denied the motion by defendants En K. Cho, Soo-Mi Yung, Jason Wen, Yelin Li Wen, Brandon C. Price, Mindy Y. Price, and John Craven (the Subunit Owners) for summary judgment dismissing the action as against them, unanimously reversed, on the law, without costs, the motion granted, and the third amended complaint dismissed as against the Subunit Owners. The Clerk is directed to enter judgment accordingly.
Plaintiff is the owner of Unit Number 1 in the premises at issue. The Subunit Owners own individual subdivisions of Unit Number 2. The January 11, 2013 declaration of condominium for those premises (the Declaration) defined plaintiff as the "Declarant," defendant Megalith Capital Group Fund I, L.P. as the "Purchaser," and "Unit Number 2 Owner" as including "the owner(s) of Unit Number 2 Subunit(s)." Article 27 of the Declaration stated that the rights and obligations of any unit owner would "inure to the benefit of and be binding upon any successor or assign of such Unit Owner." Article 28 of the Declaration required Unit Number 2 Owner, inter alia, to construct the interior of Unit Number 1.
Defendant 6 Cortlandt Alley, LLC (the Developer) owned Unit Number 2. In May 2014, plaintiff and the Developer entered into a contract (the Recorded Contract) that amended and otherwise ratified a previous contract. The Recorded Contract defined plaintiff as the "Seller" and the Developer as the "Purchaser." As relevant here, the Recorded Contract imposed certain construction obligations on the Developer and gave plaintiff the option to include and incorporate the provisions of the Recorded Contract into the Declaration.
In July 2017, the Declaration was amended to incorporate the Recorded Contract. The amendment to the Declaration stated that "[t]he term 'Seller' as used therein shall mean and refer to the Unit Number 1 Owner. The term 'Purchaser' as used therein shall mean and refer to the Unit Number 2 Owner."
In January 2019, the Declaration was again amended. Article 28 was not formally deleted, but the amended Declaration stated that the initially planned alterations had been completed and that "the interior buildout of [Unit Number 1] will be the sole responsibility of the [Developer]." Additionally, the amendments stated that Unit Number 2 was subdivided into individual subunits. Beginning in March 2019, the Developer sold the subunits to the Subunit Owners.
Plaintiff asserts that the Subunit Owners are liable for construction work pertaining to Unit Number 1. The Subunit Owners moved for summary judgment dismissing the complaint against them. Supreme Court denied their motion. We reverse.
The Recorded Contract did not impose any liabilities on the Subunit Owners, who were not parties to it (see Randall's Is. Aquatic Leisure, LLC v City of New York, 92 AD3d 463, 463 [1st Dept 2012], lv denied [*2]19 NY3d 804 [2012]). While the Recorded Contract was incorporated into the Declaration, this incorporation could not alter the contractual definitions of Purchaser and Seller. Although the Declaration itself initially required the Unit Number 2 Owner to construct Unit Number 1, by the time the Subunit Owners acquired their units, subsequent amendments had eliminated any liability for the allegedly unperformed construction.
That the Subunit Owners had notice of the Declaration's provisions, and their deeds were "subject to" those provisions, is not sufficient to impose liability on them for every covenant in the Recorded Contract (see Longley-Jones Assoc. v Ircon Realty Co., 67 NY2d 346, 347 [1986]). Neither is it sufficient that privity of estate exists and that the covenants in the declaration explicitly bind the successors and assigns of any Unit Owner (see Eagle Enters. v Gross, 39 NY2d 505, 507-508 [1976]). Rather, "`[a]bsent an affirmative assumption, a grantee is only liable for those covenants that run with the land'" (Gronich & Co., Inc. v Longstreet Assoc. L.P., 140 AD3d 595, 595 [1st Dept 2016] [citations omitted], quoting Longley-Jones Assoc., 67 NY2d at 348; see Eagle Enters., 39 NY2d at 508). An obligation to pay for a one-off task, which is not intended to benefit the land and does not affect subsequent use of the land, does not touch and concern that land (see Longley-Jones Assoc., 67 NY2d at 348 ["A covenant in a lease to pay a broker's commission upon renewal of the lease does not run with the land"]; Hudson Eng'g Assoc. v Ames Dev. Corp., 228 AD2d 477, 478 [2d Dept 1996] ["In the instant case, the claim for fees for surveying the property does not constitute a covenant that runs with the land"]; see also Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank, 278 NY 248, 258 [1938]["(A) covenant to . . . pay for the performance of an affirmative act disconnected with the use of the land cannot ordinarily touch or concern the land"]).
The Subunit Owners had no contractual obligation to pay for the construction. Plaintiff's cause of action for unjust enrichment was not pleaded against the Subunit Owners. Therefore, the complaint against them should have been dismissed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2024